## Leandy Mahon v. The State.

### No. 2898.   Decided February 24, 1904.

**1.—Indictment—Variance.**

Where the indictment alleged that the accused appeared before the deputy county clerk, A. L. K., and made a false affidavit, which affidavit is set out in full, and the jurat is signed A. K. by A. L. K., deputy, it does not import on its face that the affidavit shows that it was made out before a different officer in the purport clause from that in the tenor clause, and there is no variance.

**2.—Evidence—Official Character.**

The official character of the deputy county clerk can be shown by his own sworn statement, and resort need not be had to his written appointment and oath of office, although there was no error in admitting same in evidence.

**3.—Same—Marriage License—Deputy Clerk.**

A deputy county clerk under the law can do any act that the county clerk is authorized to do, and therefore is authorized to issue a marriage license, and the same is evidence of this fact.

**4.—Same—License Limited to Identification.**

The marriage license which was issued to the accused upon his false affidavit may be introduced for the purpose of identifying him as the person to whom it was given by the officer issuing it, as well as by the one executing it, but the court should have limited its consideration to the question of identity, if the purpose was so limited in its introduction.

**5.—Same—Comparison of Signatures.**

Where the genuineness of the signature to the alleged false affidavit was in issue, it was competent to admit in evidence an application for the process of witnesses, signed and sworn to by the accused, to be used as a standard of comparison, either by the introduction of expert testimony thereon, or by comparison by the jury, as evidence to identify him as the party who signed the false affidavit. Qualifying Chester v. State, 23 Texas Crim. App., 577.

**6.—Charge of the Court.**

In a prosecution for false swearing, the court should define in its charge the word "deliberately," as well as the word "willfully."

Appeal from the District Court of Victoria. Tried below before Hon. J. C. Wilson.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion sufficiently states the case.

*Dupree & Pool,* for appellant.—An indictment is defective, charging false swearing, where the indictment alleges the accused to have appeared before one officer and made said alleged false affidavit, and where the indictment setting out said affidavit alleged shows the same to have been made before a different officer, there is a fatal variance in the charging or purport clause and the tenor clause thereof.

Where an indictment, as in this case, alleges said false affidavit to have been made before A. L. Klein, deputy county clerk of Victoria County, Texas, and where said indictment in reciting said affidavit shows the same to have been made before A. Klein, county clerk, by A. L. Klein, deputy, the same is insufficient and shows a fatal variance, unless the same is cured by some character of explanatory averments. Thulemeyer v. State, 43 S. W. Rep., 83.

The court erred in admitting in evidence on the trial of this cause, over defendant's objections, the written deputation of A. Klein deputing A. L. Klein as deputy county clerk of Victoria County, Texas, as shown by defendant's bill of excepaion.

To constitute a deputy clerk of the county court, there must be written appointment under hand and seal of the clerk of the county court, which appointment should be recorded in the office of the county clerk of the county court, and should be deposited in the office of the district clerk of said county.

Where the State resorts to a certain character of testimony to establish a necessary fact, such testimony shall, if the same is written and documentary in its character, and its existence provided for by law, follow and conform to the law in every particular, and such testimony when resorted to, wanting in any of its legal requirements, is inadmissible to establish any fact. Sayles' Rev. Stats., art. 1138; Alford v. State, 8 Texas Crim. App., 545.

The court in his explanation of defendant's bill of exception having stated that the marriage license mentioned in said bill of exception was admitted for the purpose only of identifying defendant, should have restricted said testimony in his charge to the jury to the specific purpose for which it was introduced. Davidson v. State, 3 S. W. Rep., 662; Long v. State, 11 Texas Crim. App., 381; McCall v. State, 14 Texas Crim. App., 353; Kelly v. State, 18 Texas Crim. App., 262; Francis v. State, 7 Texas Crim. App., 501.

The court erred in permitting the State, over defendant's objection, on the trial of this cause to introduce in evidence an application made by

the defendant for the purpose of procuring the attendance of Mag Thomas as a witness in his behalf on the trial of this cause.

The court erred in failing to give the law of this case in charge to jury in this, the court failed to give in charge to the jury the definition of the term "deliberately," and to make the application of the law to said definition; also the court failed in his charge to make the proper application of the law to the definition of the term "willfully." Steber v. State, 4 S. W. Rep., 880; Woodson v. State, 6 S. W. Rep., 184; Penal Code, art. 202; Higgins v. State, 28 S. W. Rep., 178.

The court having permitted the introduction of the marriage license issued by the county clerk of Victoria County, Texas, on October 7, 1903, to Leandy Mahon and Mag Thomas, for the purpose of identifying the defendant as declared by the court in his explanation attached to defendant's bill of exception, and for no other purpose, the court committed fundamental error in failing to limit and restrict said testimony, in his charge to the jury, to the specific purpose for which it was introduced.

*Howard Martin,* Assistant Attorney-General, for the State.—Appellant insists that it was error to show the two signatures to the jury and leave it for them to determine whether or not they were the same, as they were not experts. The case of Chester v. State, 23 Texas Crim. App., 577, seems to support this contention of appellant; but the State does not concede that this case is correct on principle. Manning v. State, 37 Texas Crim. Rep., 180. Be this as it may, if it is error it is not reversible error, as the proof was amply sufficient to show that he made the affidavit. The State refers to the following cases bearing on this case: Davidson v. State, 22 Texas Crim. App., 372; Steber v. State, 23 Texas Crim. App., 176; Harkereader v. State, 35 Texas Crim. Rep., 243; Speiden v. State, 3 Texas Crim. App., 156.

BROOKS, Judge.—Appellant was convicted of false swearing, and his punishment assessed at confinement in the penitentiary for a term of two years.

The following is the charging part of the indictment: That Leandy Mahon, on the 7th day of October, 1903, in the county of Victoria, State of Texas, "did then and there present himself and make his personal appearance before A. L. Klein, deputy clerk of the county court in and for Victoria County, Texas, who was then and there duly authorized by law as such officer to administer an oath; and the said Leandy Mahon, having been duly sworn by said A. L. Klein, deputy clerk as aforesaid, did then and there unlawfully, deliberately, corruptly and willfully under the sanction of the oath so legally administered to him by said A. L. Klein,, deputy clerk as aforesaid, make his voluntary false statement and declaration and affidavit in writing with his signature affixed thereto, as follows, to wit: 'Affidavit. The State of Texas, County of Victoria.

I, L. Mahon, do solemnly swear that I am twenty-one years of age, and that Mag Thomas is eighteen years of age, and that there are no legal objections to our marriage. Leandy Mahon. Subscribed and sworn to before me, this 7th day of Oct., 1903. A. Klein, clerk county court, by A. L. Klein, deputy.' Whereas in truth and in fact the said Mag Thomas was not eighteen years of age, and whereas in truth and in fact there were legal objections to the marriage of said Mag Thomas and the said Leandy Mahon, which said false affidavit so made by said Leandy Mahon was not then and there required by law, nor made in the course of a judicial proceeding, yet the same then and there was nevertheless willfully and deliberately made, and was willfully and deliberately false, as the said Leandy Mahon then and there well knew, against the peace and dignity of the State."

Appellant filed a motion to quash the indictment on the ground that it alleges the accused appeared before one officer and made said alleged false affidavit, whereas the indictment setting out said affidavit shows the same to have been made before a different officer; and so there is a fatal variance in the charging or purport clause and the tenor clause thereof. In support of appellant's contention he cites us to Thulemeyer v. State, 43 S. W. Rep., 83. This case is not in point. In that case there was a variance. The persons were not the same; but in this case they are. The only difference is that in one instance the county clerk's name was given and in the other it was not. The indictment is good.

Appellant's first bill complains of the introduction of the deputation showing the deputy clerk's appointment—said deputy having sworn de-defendant to the affidavit upon which the false swearing is predicated. The appointment of the deputy and the oath of office appear by the bill of exceptions to be in proper form. The court qualifies the bill as follows: "It was shown by undisputed testimony of A. Klein and A. L. Klein that A. Klein is the regularly elected and qualified county clerk of Victoria County, Texas, and that said A. L. Klein was his deputy, acting as such when said affidavit, the basis of this prosecution, was made." In Woodson v. State, 24 Texas Crim. App., 153, we held that while the general rule is that the best evidence by which a fact can be produced or its absence accounted for before secondary evidence can be rsorted to, an exception to this rule is that the official character of an alleged public officer need not be proved by the commission or other written evidence of the officer's right to act as such, except in an issue directly between the officer and the public. In that case we held it was not error to permit the State's witness to testify that he was the justice of the peace who administered the oath upon which the false swearing was predicated. So we take it, it would not be necessary to introduce the deputation of the county clerk in the matter now under consideration, but he could have sworn to the fact that he was such deputy county clerk. However, the deputation was introduced, and we see no error in admitting the same.

Bill of exceptions number 2 complains of the introduction of the marriage license. The objection to the introduction of the same was that it was not issued by any person authorized by law to issue it. The deputy county clerk issued the license, and under the law he could do any act that the county clerk was authorized to do.

Bill of exceptions number 3 complains of the introduction of the license, because immaterial, irrelevant and calculated to prejudice the rights of defendant. Appended to the bill is this qualification by the court: "One of the main contested issues was the identity of defendant on trial as being the same person who made the alleged false affidavit, and it was shown by the testimony of A. L. Klein, the deputy clerk of the County Court of Victoria County, Texas, before whom said affidavit was made, that the marriage license in question was the same that was issued to the person who made the affidavit, who said A. L. Klein believed to be defendant. It was then shown by Brown that he received the marriage license issued by the clerk of Victoria County from the hands of defendant, who was identified by the witnesses; and that he (Brown) performed the marriage ceremony between defendant and Mag Thomas, by authority of said marriage license, and returned said license to the county clerk of Victoria County. This witness identified Mag Thomas, who was in attendance upon the court. The district attorney at the time declared that said license was offered to identify defendant, and for no other purpose, and it was so admitted in evidence." The record before us discloses that one of the serious issues was the identity of defendant. This being an issue it was pertinent and proper to admit the license for that purpose. However, appellant insists in another portion of the record that the license might be used for another and different purpose than identification, and the court should have limited the consideration of the license by the jury to the question of identity. This does not appear to have been done. In this there was error.

Bill number 4 complains of the action of the court permitting the State to introduce an application signed by appellant to procure process for witnesses. After the State had placed A. L. Klein on the stand to show that defendant was the person who made the purported affidavit before him as deputy county clerk, and after the said Klein had stated that he could not say that defendant on trial was the same person, but believed him to be; then the State placed J. J. Jones, clerk of the District Court of Victoria County, on the stand, and handed witness an application made by defendant, and sworn to by him before said Jones, for the purpose of obtaining process to De Witt County for a witness who testified in his behalf on this trial. State's counsel asked Jones if defendant had made and signed said application, and had sworn to same after Jones had warned him that it could be used against him as evidence in the trial of this cause. He answered that defendant had made, signed and sworn to said application after he had warned him that same

could be used as evidence against him. Jones further stated that defendant first signed and swore to the application in the presence of one of his attorneys, J. P. Pool, Esq., and that he did not warn defendant at that time, but at the request of the district attorney he took defendant back to his office, and had defendant to re-sign said application, and that he swore him to same. The second time he warned him that it could be used against him. Thereupon the State introduced the whole of said application made by defendant for said witnesses, together with a blank marriage book containing the alleged affidavit in this cause, for the consideration of the jury. The district attorney stated that the purpose thereof was in order to identify defendant as being the same party who made said alleged affidavit. The trial was suspended until each and all of said twelve jurors trying the case had personally inspected the application for the witness as well as the book containing the alleged false affidavit, and had commented thereon, until the court verbally told them not to make any comment thereon, merely to examine the same. Which testimony and proceedings were objected to by defendant, because the application for said witness being an act required of him by law, could not be evidence against him whether or not defendant was warned; and because no witness testified that defendant was the same and identical person as the one making said affidavit, or that defendant was one and the same person who made the affidavit and application. Further that no witness testified that there was any similarity of the signatures to said affidavit and application. That by this process the jury were made the silent witnesses against defendant, and defendant was denied the legal and constitutional right to be confronted with the witnesses against him and of cross-examining them. Further, because if the State had testimony to show a similarity between the signature on the application and said affidavit, the same should be shown by competent witnesses qualified to testify as experts on the question of similarity of the signatures. The court qualified this bill as follows: Bill approved "except so much of same that states that the jury commented upon the signature to the affidavit and the application sworn to before witness Jones by defendant. I can not approve so much of this bill for the reason that such was not the fact. The fact being that while two of the jurors were examining and comparing these signatures, these two jurors were conversing; and thinking perhaps they were discussing the signatures I instructed the jury that they must not discuss or comment upon the evidence. The witness Jones testified that he saw defendant sign his name to the application and fully identified it as being the same made by defendant. Only the two signatures were introduced in evidence before the jury; that is, the signature made to the application before the witness Jones, both of which were identified, and while these signatures were attached to and parts of the application, and the affidavit, the jury examined and compared only such signatures, and this evidence was introduced for the purpose of identifying defendant as the person who

made the affidavit." As stated above, the deputy county clerk, Klein, testified in substance that he issued a marriage license to a man who gave his name as Leandy Mahon (that being the name of appellant); that to the best of his knowledge and belief appellant is the man to whom he gave the license. At the time he issued the license he took the affidavit of the party to whom he gave it, and upon which affidavit this prosecution is predicated. The minister performing the ceremony testified that this defendant turned the license in question over to him, and he performed the marriage ceremony between defendant and Mag Thomas. Appellant cites us to Chester v. State, 23 Texas Crim. App., 577. But we do not understand that case to support appellant's contention, though the facts upon which that case rests are not sufficiently stated for us to ascertain accurately. Be that as it may, the converse rule appears to be laid down in Speiden v. State, 3 Texas Crim. App., 156, and Manning v. State, 37 Texas Crim. Rep., 180. In Rice on Evidence, p. 116, the proposition is clearly stated, that where the genuineness of a document is in issue, one that is known to be signed by the genuine signature of defendant may be used as a standard of comparison, either by introducing of expert testimony thereon, or by comparison by the jury. To support this proposition there is a long line of authorities cited. Among others Smyth v. Caswell, 67 Texas, 567; Kennedy v. Upshaw, 64 Texas, 411. In the latter case it was held that experts can give their opinion as to the genuineness of a disputed signature upon comparing it with papers properly in evidence in the case, and papers introduced by the party affirming the genuineness of the signature and claimed by him to bear the genuine signature of the party. The jury also can determine the genuineness of the signature from an examination of the papers before them. Citing 1 Greenleaf, 578, 581; Wharton's Law of Evidence, 713. Thus it appears that where defendant is being prosecuted for false swearing, and it becomes necessary to introduce circumstances to identify him as the party who did the false swearing, it is pertinent and legal testimony to introduce in evidence his known genuine signature as a circumstance to identify him as being the party who made the signature to the false affidavit. And to aid this, it is not necessary to place experts on the stand and have them swear there is a similarity between the conceded genuine signature and the signature in question. We would not be understood as saying that it would be improper to place experts on the stand pro and con on this proposition, but the failure to place them on the stand would not render the testimony inadmissible. It follows, therefore, that the court did not err in admitting this testimony. See also Code Crim. Proc., art. 794.

As bearing upon many of the questions raised by appellant, which we do not deem necessary to discuss in detail, we cite the cases of Davidson v. State, 22 Texas Crim. App., 372; Steber v. State, 23 Texas Crim. App., 176; Harkreader v. State, 35 Texas Crim. Rep., 243. Among

other things it will be found these cases hold that the deputy county clerk has the same authority as the county clerk both in taking affidavits as a condition precedent to issuing licenses, and for any and all other purposes, as the clerk himself. It was also held in these cases that his official capacity may be proved by oral testimony.

Appellant also insists that the court erred in failing to define the words "deliberately" and "willfully." The court properly defined the term "willfully," but we fail to note anywhere in the charge a definition of "deliberately." On another trial this definition should be given.

Appellant also insists that the court erred in failing to charge on the law of circumstantial evidence. This is not a case of circumstantial evidence.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*