# JUNE 20, 1945

CARL BROUGHTON v. THE STATE.

No. 23155. Delivered June 20, 1945.

The opinion states the case.

*Thomas & Thomas,* of Big Spring, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted as a second offender of the offense of driving a motor vehicle upon a certain public street in the town of Lamesa while intoxicated, and his punishment was assessed at confinement in the state penitentiary for a period of one year.

He brings forward a number of complaints, each of which he contends presents reversible error.

His first complaint relates to the court's action in overruling his motion to quash the indictment in this case. He contends that it is insufficient in the following respects: (a) Because the former conviction is not described in definite terms, that is, the style of the case and the date of the commission of the offense is not stated therein; (b) because it is not averred that the offense of which he is charged therein was committed after the offense for which he was convicted in the County Court of Dawson County on June 19, 1943, for a like offense; (c) because the date of the prior offense is not set out in the indictment; (d) because the indictment fails to allege that Carl Broughton, who was convicted in the County Court of Dawson County on June 19, 1943, is the same person as the one named in the indictment in the present case; (e) because the indictment charges two separate offenses in one count; (f) because the indictment failed to charge that his conviction in the County Court was a final conviction, etc.

It may not be amiss to here set out the indictment. Omitting the formal parts thereof, it reads as follows:

"That on or about the 2d day of July, A. D., 1944, an anterior to the presentment of this indictment, in the county and state aforesaid, Carl Broughton did, then and there unlawfully while intoxicated, and while under the influence of intoxicating liquor, drive and operate a motor vehicle upon a public street there situate, to-wit, North First Street, within the limits of the in-

corporated city of Lamesa, Texas, in said county; and prior to the commission of the aforesaid offense by the said Carl Broughton, on the 19th day of June, 1943, in the County Court of Dawson County, Texas, in Cause No. 1880, on the docket of the last named court, the said Carl Broughton, was duly and legally convicted of the offense of driving and operating a motor vehicle upon a public street while intoxicated and while under the influence of *intoxication* liquor, the same being an offense of like character and of the same nature as that heretofore charged against him in this cause, etc."

While we do not regard it as a model indictment, yet it is not subjected to the objections addressed thereto. The date of the former conviction in the County Court of Dawson County is alleged to have been on the 19th day of June, 1943, in cause No. 1880, while the primary offense charged in the indictment is alleged to have been committed on the 2nd day of July, 1944. Consequently, it sufficiently charged that the prior conviction was for an offense which he had committed before he committed the one on the 2nd day of July, 1944, as charged in the indictment. He could hardly·have been convicted in June, 1943, unless he had theretofore committed the offense of driving a motor vehicle on a public street in the town of Lamesa, Texas. Hence, the indictment sufficiently charges that the prior conviction was for an offense committed prior to the 2nd day of July, 1944. It was not necessary to set out the prior conviction with the same particularity as it was set out in the original complaint and information. It was sufficient to charge that he had been convicted of an offense of like character prior to the commission of the primary offense charged. A conviction means a final conviction. If the conviction was not final, it could be shown as a matter of defense. See Ellis v. State, 134 Tex. Cr. R. 346.

Appellant cites us to the case of Allen v. State, 184 S. W. (2d) 470, as supporting his contention. It will be noted that in that case the State, for the purpose of enhancing the punishment as provided by Art. 63, P.C., charged two prior convictions. Such is not the case here. In the present instance, the State charged a prior conviction to show that in the commission of the subsequent offense, appellant was guilty of a felony under Art. 802, P.C., and by reason thereof, the District Court had jurisdiction of the offense. The object and purpose of the two statutes are different: One is to enhance the punishment while the other is to charge a felony and is jurisdictional.

He next complains of the action of the trial court in admit-

ting in evidence, over his objection, the complaint and information upon which he was convicted in the County Court of Dawson County in cause No. 1880 of the offense of driving an automobile on Dallas Street in the city of Lamesa while intoxicated. He objected thereto on the ground that it failed to charge an offense because it was not alleged therein that the city of Lamesa was an incorporated city. We are of the opinion that Art. 802, P.C., does not limit or restrict violations of said article to incorporated cities only. To so hold would be giving an unreasonable construction to the statute in question. The people of unincorporated towns and villages are to be protected against drunk drivers as well as those of incorporated cities and those who are on the public highways. To hold otherwise would leave the people of unincorporated towns and villages to be run over, killed or maimed at will by drunk drivers. To this we cannot agree. Furthermore, he cannot in this proceeding collaterally attack the complaint and information in the county court case. See Lutz v. State, 176 S. W. (2d) 317, and cases there cited.

Appellant's third complaint is that there is not any evidence to show that the town of Lamesa was incorporated. An examination of the statement of facts leads us to a different conclusion. Mr. McCullough testified that his cafe is situated right across the street from Lamesa Steam Laundry; that it is on North First Street, which is within the city limits of the incorporated city of Lamesa, Texas. He further testified:

"My cafe is on the south side of North First, facing north. I know the defendant, Carl Broughton, * * * and saw him when he drove up in front of my place when he was drunk. As well as I remember, this was on the 2nd of July, 1944, * * * just about sundown."

Mr. Corbitt, a city policeman, testified:

"Mr. McCullough's cafe is located on North First Street, in the 200 block, and is within the incorporated city of Lamesa, Texas, Dawson County. * * * I saw Mr. Broughton when I drove up. He was stopped when I got there."

It will be noted from the foregoing recitals of the testimony that the State proved by oral testimony that the city of Lamesa was an incorporated city, without any objection thereto on the part of appellant. Had he objected thereto on the ground that it was not the best evidence, the objection might have been sustained. However, he made no objection thereto, in the absence of which parol testimony, although secondary, was admissible. See Temple v. State, 15 Tex. App. 304.

The State also introduced in evidence the complaint and information against Carl Broughton in cause No. 1880, together with the judgment of conviction, and then proved by the Clerk of the County Court that he was present in the County Court when Carl Broughton was tried in said court on June 19, 1943, in cause No. 1880 and that the said Carl Broughton, who was convicted in said cause in said court, is the same Carl Broughton who is the defendant in the present case. Consequently, the trial court committed no error in declining to submit to the jury appellant's requested instruction to return a verdict of not guilty.

Appellant's fourth contention is that the verdict of the jury is indefinite and the judgment of the court does not adjudge him guilty of a felony, nor was he sentenced as such. This question is not altogether free from difficulty. Appellant was charged with driving an automobile upon the streets of the city of Lamesa, in an incorporated city, in Dawson County, Texas, while intoxicated. It was further charged, for the purpose of showing that he had committed a felony, that he had theretofore been convicted of a like offense. The verdict of the jury reads as follows:

"We, the jury, find the defendant guilty, and assess his punishment in the State Penitentiary for a term of One Year."

The judgment reads as follows:

"It is, therefore, considered and adjudged by the Court that the defendant, Carl Broughton, is guilty of the offense of driving while drunk, as found by the jury, and that he be punished by confinement in the State Penitentiary for a term of one year."

The sentence is equally as vague as the judgment.

The verdict of the jury should be liberally construed in conformity with the indictment and the charge of the court. In the instant case, appellant was charged as a second offender of driving an automobile on the streets of the incorporated city of Lamesa, Texas, while intoxicated. The court instructed the jury that appellant had theretofore been convicted in the County Court of Dawson County in cause No. 1880 for the offense of driving an automobile upon the streets of the city of Lamesa while intoxicated or under the influence of intoxicating liquor. To this no objection was interposed by the appellant. The court then instructed the jury that if they should find, from the evidence, beyond a reasonable doubt, that the defendant, Carl

Broughton, while intoxicated, drove and operated a motor vehicle upon North First Street within the city limits of the incorporated city of Lamesa, in Dawson County, Texas, as charged in the indictment, to find him guilty and assess his punishment at any term of years in the penitentiary of not less than one nor more than five. Under the charge of the court, the only issue which the court submitted to the jury for their determination was whether or not they believed from the evidence, beyond a reasonable doubt, that appellant operated a motor vehicle upon North First Street in the city of Lamesa, while intoxicated. There is nothing in the record to indicate that the jury disregarded the court's instructions. Therefore, when we look to the indictment and the court's charge, there seems to be no doubt that the jury found him guilty as a second offender of driving an automobile upon the streets of the city of Lamesa while intoxicated, as charged in the indictment. The judgment, as pronounced upon appellant by the court, does not adjudge him guilty of any offense. However, since we are authorized by Article 847, C.C.P. to correct and amend the judgment "as the law and the nature of the case may require," we think this should be done in the instant case so as to conform with the verdict of the jury. The judgment will, therefore, be reformed so as to read:

"It is, therefore, considered and adjudged by the court that the defendant, Carl Broughton, is guilty as a second offender of the offense of driving a motor vehicle upon the streets of the city of Lamesa, while intoxicated, as found by the jury, and that he be punished by confinement in the state penitentiary for a term of one year."

The sentence will also be reformed so as to read:

"It is the order of the court that the defendant, Carl Broughton, who has been adjudged guilty as a second offender of the offense of driving a motor vehicle upon the streets of the city of Lamesa while intoxicated, be immediately delivered by the Sheriff of Dawson County, Texas, to the manager of the Prison System of the State of Texas, or other persons legally authorized to receive such convicts, and that he be confined in said penitentiary for a term of one year."

See Evans v. State, 141 Tex. Cr. R. 241, and authorities there cited.

With the judgment and sentence thus reformed and amended, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.