JOHN T. POST V. STATE.

No. 24544. December 14, 1949.

No attorney of record on appeal for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for driving on a public highway while intoxicated, with a fine of $300.00 assessed by a jury.

According to the state's evidence appellant was highly intoxicated while driving on the streets of the city of Corsicana. At an intersection of two of the main streets of the city, he ran a red light and struck a little girl, knocking her down. It is admitted that he stopped his car immediately upon striking the child and that she had little if any injury resulting therefrom. The evidence as to his intoxicated condition was very positive, but this was stoutly denied by appellant, testifying in his own behalf, and he was corroborated to some extent by the evidence of some friends with whom he had visited a short while prior to the accident.

While there are a large number of bills of exception in the record, appellant has filed no brief and we are unable to discuss the bills in the light of the contention which appellant would probably make. A number of these bills contain objections to evidence given by officers as to the acts and conduct of

appellant after he was placed under arrest. These officers described the manner of his walk and of his speech. They did not quote anything which he said, however. We think the objection made to this is not tenable.

Bill of Exceptions No. 1 complains of the failure of the court to give a special requested charge directing an instructed verdict, on the alleged ground that appellant had never been arrested. The complaint was brought too late. The court had actual jurisdiction in that appellant had appeared and announced in the case.

Several of the bills of exception in this record complain of leading questions being asked. We have examined each of these and, in the absence of appellant's brief, we are unable to discuss these bills from appellant's standpoint. It is our conclusion that none of them show error.

Bill of Exceptions No. 8, in great detail, sets out the procedure in the court which indicates to some extent that there was a difference of opinion between the trial judge and the county attorney as to the admissibility of evidence. As far as we can tell from the bill, the evidence excluded should have been admitted. The ruling of the court was favorable to appellant. The county attorney very improperly attempted to ignore the ruling of the court in the matter. The objection stated is that the procedure "* * * amounted to contemptuous misconduct on the part of the county attorney towards the court * * *", together with other reasons stated. This was a matter for the trial court to deal with and not this court. We have carefully examined the procedure and are unable to find any possible harm done to appellant in the matter.

Bill of Exceptions No. 16 contains a special requested charge in behalf of appellant in which the court is asked to instruct the jury that even though they believe that defendant was driving his automobile when he had recently consumed intoxicating liquor, nevertheless, they should not convict him if they believed that he had the normal and ordinary use of his mental and physical faculties, or if they had a reasonable doubt thereof. Such charge is not warranted by Art. 802, Vernon's Ann. P. C., as construed by many opinions of this court.

The judgment of the trial court is affirmed.