Nicodemo LAMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 35444.

Court of Criminal Appeals of Texas.

Feb. 27, 1963.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is aggravated assault upon a police officer; the punishment, one year in jail and a fine of $400.

No brief has been filed in appellant's behalf.

The information alleged that the assault was made upon Marshall Padgett, a police officer of the City of Hereford, Texas, who was in the lawful discharge of the duties of his office and that the assault was made by striking the officer with a knife.

Marshall Padgett, the injured party and Chief of Police of the City of Hereford, testified that on April 14, 1962, he was employed as police officer of the City of Here-ford; that he was on active duty, riding in a marked vehicle and wearing his policeman's uniform.

He further testified that he observed the appellant driving an automobile on a six lane highway in the City of Hereford, weaving from lane to lane. He described the appearance and manner of the appellant and the odor of intoxicating beverage about his person, upon which he formed the opinion that appellant was drunk. He further testified that Munoz, the other occupant of the car the appellant was driving, was also drunk and that half of a half-pint of wine and some beer, including a half-can in the front seat, were found in the car.

The assault occurred, according to the testimony of Officer Padgett, after he had both men in his car and was calling by radio for another officer to come and drive the appellant's car to the station.

The witness testified that while he was using the radio the appellant was seated next to him and Munoz was next to the door on the passenger side; that the appellant asked what he was going to do and he told appellant that he was going to file on him for D.W.I.; that appellant " * * * swung at me with a knife in his hand.—It struck my Sam Brown belt and went through my coat."

The coat and a knife found on the floor of the car, between where the appellant and Munoz had sat, were introduced in evidence.

Other evidence was introduced which corroborated Officer Padgett's testimony that the appellant was drunk, and it was shown that after assaulted, Officer Padgett fired a shot which struck the appellant in the neck and Munoz in the arm.

Informal bills of exception found in the record raise two claims of error that will be discussed.

Appellant objected to the testimony of the prosecuting witness that on April 14, 1962, he was employed and acting as a

policeman for the City of Hereford. The ground of objection was that the records of his employment would be the best evidence.

■ The trial court did not err in overruling such objection. A well established exception to the best evidence rule is that the official character of an alleged public officer need not be proved by the commission or other written evidence of the right of such officer to act as such, except in an issue directly between the officer and the public. Woodson v. State, 24 Tex.App. 153, 6 S.W. 184; Jacobs v. State, 28 Tex.App. 79, 12 S.W. 408; De Lucenay v. State, Tex. Cr.App., 68 S.W. 796; Skaggs v. State, 167 Tex.Cr.R. 254, 319 S.W.2d 310. See also Sheffield v. State, 165 Tex.Cr.R. 354, 307 S.W.2d 100.

■ Referring to a statement of the appellant after he was taken to the hospital, Officer Padgett was asked and answered:

"Q. Did the defendant do or say anything there in your presence in the hall in the hospital?

"A. He used quite a bit of profanity around the nurses and the doctor. He made the statement that he was in the service of the U. S. Penitentiary."

Appellant objected to the answer as not being responsive to the question and moved for a mistrial, urging as ground that the testimony was highly prejudicial and was not a res gestae statement.

We do not regard the statement attributed to the appellant by the witness to have been so prejudicial and harmful that any instruction by the court to the jury to disregard it would not have removed the harm. No such instruction was requested. The objection that the answer was not responsive was properly overruled and the trial court did not err in refusing to declare a mistrial.

We find the evidence sufficient to sustain the jury's verdict and find no reversible error.

The judgment is affirmed.