Vernon Burke CLIFFORD, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 36064.

Court of Criminal Appeals of Texas.

Nov. 6, 1963.

Rehearing Denied Dec. 11, 1963.

James J. Shown, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brouch and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is driving upon a public highway while intoxicated; the punishment, a fine of $50.00 and 3 days in the county jail.

It is apparent from the statement of facts and the certificate of the court reporter that the statement of facts filed does not constitute and contain all of the testimony adduced on the trial, i. e., "Approximately five (5) minutes of testimony from the first witness in this case had been heard before the court reporter was called in to make a record by the defense attorney, therefore this is a complete record of all that transpired after the court reporter was called in by the defense attorney."

The state's attorney and attorney for the defendant however, signed the certificate stating that the statement of facts filed, "is a true and correct statement of all the facts adduced and admitted in evidence on the trial of the said above numbered and entitled cause." Thus the statement of facts will be considered as though complete. The state is bound by the agreement entered by its District Attorney.

Allen Evonne Cryer testified that a pickup truck driving on a public street followed his Corvette into a service station driveway at the Richey and Sterling street intersection, the truck hitting his car's rear end before the Corvette stopped and that the truck backed up and hit it again. Mr. Cryer also testified that the truck was driven by appellant.

Officer C. C. Burkhalter testified that appellant identified himself as driver of the pickup truck, before any arrest had been made. The officer also testified appellant had to be helped from his pickup truck to the patrol car, that appellant staggered, did not have proper control of his feet, couldn't walk, and that when appellant talked his speech was slurred and indistinct. Officer Burkhalter also testified that he could smell intoxicating beverages on appellant's breath, that his eyes were bloodshot, and his face flushed, eyes and face looking differently than they appeared in court at time of trial. Based upon the officer's experience at seeing intoxicated persons, he formed and testified to the opinion that appellant was intoxicated at the time of collision.

Appellant's contention that the testimony fails to show him to be the driver of the pickup is thus without merit.

We find the evidence sufficient to support the verdict.

Appellant insists that he was compelled to submit to tests involving walking and that this evidence is therefore inadmissible under the holdings in Apodaca v. State, 140 Tex.Cr.R. 593, 146 S.W.2d 381, and Beachem v. State, 144 Tex.Cr.R. 272, 162 S.W.2d 706. These two cases were distinguished from cases such as the one at bar in Skaggs v. State, 167 Tex.Cr.R. 254, 319 S.W.2d 310, where Judge Dice wrote: "The cases of Apodaca v. State, 140 Tex. Cr.R. 593, 146 S.W.2d 381, and Beachem v. State, 144 Tex.Cr.R. 272, 162 S.W.2d 706, cited by appellant are not here controlling because in both cases the accused was compelled by the officers to do certain acts

while under arrest for the purpose of being identified or determining whether he was intoxicated. In the present case appellant was not requested by the officers to do any act or speak any words."

In the case at bar the appellant was required to do no act for the purpose of determining whether or not he was intoxicated. The walking which was done was solely for the purpose of transporting appellant from his position, leaning against the fender of appellant's pickup truck, to the police car. The officer testified not that he directed appellant to walk, but that he helped him to walk.

Thus the second contention of appellant is without merit.

No formal bills of exception which meet the requirements of Article 759a, Sec. 2(b), Sec. 760d, and Sec. 760e, have been filed.

Finding no reversible error, and the evidence being sufficient to sustain the conviction, the judgment is affirmed.