**Johnny Ray JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 47551, 48091.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Melvyn Carson Bruder (Court appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., and Wm. L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

In a single trial before a jury in two cases appellant was convicted of the offenses of robbery by assault and assault on a police officer with the intent to commit murder. Punishment was assessed at twenty-five years and thirty-five years confinement, respectively.

Two grounds of error are urged. The first contends that the evidence is insufficient to sustain a conviction for assault upon a peace officer under the provisions of Art. 1160a, Vernon's Ann.P.C.,

because the State did not meet its burden of proving that the victim was a "peace officer" as that term is defined in Art. 2.12, Vernon's Ann.C.C.P.

On the trial, the victim, Leonard Farrow, testified that he was a police officer with the Dallas Police Department, that he was so employed at the time of the assault, that he was at that time in uniform, that he was driving a marked squad car, and that he orally identified himself to appellant as a police officer. A companion officer testified that the City of Dallas was an incorporated city.

Appellant contends that this proof was not sufficient and that the State was required to produce the city charter to show the lawful incorporation of the City of Dallas, together with record evidence of the actual appointment or the legal basis for the appointment of the victim as a police officer of such incorporated city.

The testimony as to the status of Farrow as a police officer of an incorporated city was not objected to or complained of by appellant at the trial. Therefore, no error is presented for review concerning the admissibility of such testimony. Randolph v. State, Tex.Cr.App., 499 S.W.2d 311; Palmer v. State, Tex.Cr.App., 475 S.W.2d 797.

Additionally, even though persons become public officers through election or appointment, the records of which, or the basis for which are contained in writings, the best evidence rule does not bar extrinsic proof of their status. Skaggs v. State, 167 Tex.Cr.R. 254, 319 S.W.2d 310; City of Festus v. Kausler, 77 S.W.2d 197; North v. People, 139 Ill. 81, 28 N.E. 966.

As to the sufficiency of the proof, it is settled that the official character of an alleged public officer need not be proved by the commission or other written evidence of the right of the officer to act as such, except where the issue is directly between the officer and the public. Lamas

v. State, Tex.Cr.App., 365 S.W.2d 163; Woodson v. State, 24 Tex.Cr.R. 153, 6 S.W. 184; Hardin v. State, 40 Tex.Cr.R. 208, 49 S.W. 607; Mahon v. State, 46 Tex.Cr.R. 234, 79 S.W. 28; Rath v. State, 35 Tex.Cr.R. 142, 33 S.W. 229; 32 C.J.S. Evidence § 546(13), pp. 138–139.

Appellant relies upon City of Dallas v. McDonald, 130 Tex. 299, 103 S.W.2d 725, for support of his contention on this point. That case is not applicable to the issue here because it was a suit to recover an office, and the court held in accordance with the general rule that when the claimant seeks to establish title or a right to the office, thus making the existence and entitlement to the office the central issue, record proof of the existence of the office and the claimant's legal right to it must be made. Such a case comes within the exception noted in Lamas v. State, supra, that such official proof must be made when the issue is directly between the officer and the public.

Appellant urges that, as the status of Farrow as an officer is an essential statutory element of the offense, official record proof of it must be made. We do not agree. No such requirement was recognized in Lamas v. State, supra, where the status of the victim was an essential element of the offense, which was aggravated assault upon a peace officer.

Ground number one is overruled.

Appellant asserts in ground number two that he should have been allowed to inspect a transcript of the grand jury testimony; or that the trial judge should have inspected it in camera or arranged for its inclusion in the record certified to this Court so that he, or at least this Court, could determine if a "particularized need" for his inspection of such testimony existed.

Appellant first made his motion for such inspection at the beginning of the trial. On the hearing of same it was revealed that the stenographic notes had not been transcribed and were not immediately

available. Appellant thereupon moved for a continuance until the transcript could be obtained. The motion was denied and appellant then moved for a mistrial, which was also denied.

■■■ The accused is not entitled to inspect the grand jury testimony for the purpose of ascertaining evidence in the hands of the prosecution, or for the purposes of discovery in general, but is entitled to such only upon a showing that he has a particularized need therefor. Garcia v. State, Tex.Cr.App., 454 S.W.2d 400; Bryant v. State, Tex.Cr.App., 397 S.W.2d 445. Although the case here had been set for trial more than forty days prior to the beginning of the trial, the motion for inspection was not made until the morning the trial began. There was no evidence offered to support the motion or indicating that there was any particularized need for the testimony. There was no showing that the prosecutor used, during the trial, any portion of the grand jury testimony. The court did not err in denying the motion. Terry v. State, Tex.Cr.App., 489 S.W.2d 879.

Appellant urges that the trial court should have conducted an in camera inspection of the grand jury testimony to determine if a particularized need for same existed; or should have ordered it as a part of this record so this Court could determine if appellant's rights were prejudiced by a failure to allow him to inspect the testimony.

■■■ The burden is upon the accused to show a need for the grand jury testimony. The trial judge's duty is to determine if a case has been made for production, and absent reasons or evidence supporting such need it is not incumbent upon him to search through the grand jury testimony to see if a particularized need exists for the inspection of such testimony by the accused. See Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973. Appellant says that he cannot determine if there is a need for such inspection unless

he knows what is in the transcript. The answer to this is that the content of the transcript is not the only means by which he may show such need, as illustrated in Dennis v. United States, supra. If he is entitled to search the grand jury transcript in order to see if it will benefit him, the requirement that it remain secret unless a particularized need for it is shown would be rendered totally ineffective. The grand jury transcript would then be available to every accused for the purposes of discovery, which is directly contrary to the rule of Garcia v. State, supra, and cases there cited.

Ground of error number two is overruled.

There being no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.