

# THE ATTORNEY GENERAL
## OF TEXAS

December 30, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Kent A. Caperton
Chairman
Criminal Justice Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No.   JM-606

Re:  Whether a marriage license
may be issued at a place other
than a county courthouse

Dear Senator Caperton:

As chairman of the Senate Criminal Justice Committee, you seek
the legal opinion of this office regarding the issuance of marriage
licenses under section 1.01 of the Texas Family Code. You indicate
that several counties have "sub-courthouses" from which they wish to
issue marriage licenses. You ask whether existing law authorizes
counties to issue marriage licenses from branch offices or auxiliary
courthouses.

Section 1.01 of the Family Code provides, in part, that

> [a] man and a woman desiring to enter into a
> ceremonial marriage shall obtain a marriage
> license from the county clerk of any county of
> this state.

Because this section requires that a marriage license be obtained
"from the county clerk," your question raises two related issues:
whether a marriage license may be issued by a deputy county clerk and
whether a marriage license may be issued at a branch office or
auxiliary courthouse.

Article 1938, V.T.C.S., provides:

> The county clerk may in writing, appoint one or
> more deputies under his hand and the seal of his
> court, which shall be recorded in the office of
> such clerk, and shall be deposited in the office
> of the district clerk. Deputies shall take the
> official oath and shall act in the name of their
> principal, <u>and may do and perform all such
> official acts as may be lawfully done and per-
> formed by such clerk in person.</u> When the clerk

> does not reside at the county seat, he shall have
> a deputy residing there.  (Emphasis added).

The language of this section is clear.  Additionally, in <u>Mahon v. State</u>, 79 S.W. 28, 30 (Tex. Crim. App. 1904), the Texas Court of Criminal Appeals indicated that a deputy county clerk has the same authority as the county clerk to issue a marriage license. Accordingly, the issuance of a marriage license at a branch office or an auxiliary courthouse is not prevented by the fact that the marriage license might be issued by a deputy county clerk.

As a general rule, county business is to be conducted in the county courthouse at the county seat. <u>See</u> V.T.C.S. arts. 1602, 1603, 1605; <u>Hachar v. County of Webb</u>, 563 S.W.2d 693 (Tex. Civ. App. - San Antonio 1978, writ ref'd n.r.e.). The county seat is that community, town, or city where the seat of government is located and where county officers perform their functions. <u>Knowles v. Scofield</u>, 598 S.W.2d 854, 862 (Tex. Crim. App. 1980). Nevertheless, recognizing the special needs of more densely populated counties, the Texas Legislature provided several exceptions to these general rules.

State statutes authorize the creation of branch offices for certain county officials outside of the county seat and of auxiliary courthouses both at the county seat and outside the county seat in counties meeting certain specific criteria. <u>See, e.g.</u>, V.T.C.S. art. 1605a-5; art. 2370b-1; art. 2370b-2; 2370b-3. These statutes authorize county officers to maintain branch offices so long as the officer continues to maintain an office at the county seat. <u>See</u> art. 1605a-5, §4; art. 2370b-3, §1. Additionally, section 1 of article 2370b-3 states that county officers must keep original records of the office at the county seat. In summary, in counties in which branch offices and auxiliary courthouses are authorized, the county clerk or a duly authorized deputy county clerk may issue marriage licenses from the branch office or auxiliary courthouse.

<u>S U M M A R Y</u>

> In counties in which branch offices for county
> officers are authorized by statute, the county
> clerk or a duly authorized deputy county clerk may
> issue marriage licenses from the branch office.

Very truly yours

*Jim Mattox*

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General