Louis William SMOLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–87–020–CR.

Court of Appeals of Texas, Austin.

Sept. 9, 1987.

Ken Crain, Georgetown, for appellant.

**266**

Ken Anderson, Dist. Atty., Georgetown, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

PER CURIAM.

This is an appeal from an order revoking probation. Appellant was placed on probation following his conviction for driving while intoxicated, subsequent offense. 1979 Tex.Gen. Laws, ch. 682, § 4 at 1609 [Tex.Rev.Civ.Stat. art. 6701*l*-2, since repealed]. The punishment is imprisonment for three years.

In his only point of error, appellant collaterally attacks the judgment of conviction on the ground that the previous misdemeanor conviction for driving while intoxicated used to raise the subsequent offense to a felony was based on a fundamentally defective information. Before reaching the merits of this contention, this Court must determine whether such an attack may be made in this cause.

As a general rule, an appeal from an order revoking probation is limited to the propriety of the revocation order and does not include a review of the original conviction. *Hoskins v. State*, 425 S.W.2d 825 (Tex.Cr.App.1967). However, the original judgment of conviction may be collaterally attacked on appeal from a revocation order if fundamental error was committed. *Dinnery v. State*, 592 S.W.2d 343, 350 (Tex.Cr.App.1980) (opinion on rehearing); *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr. App.1976). Stated in another way, any complaint concerning the original judgment of conviction that could be raised in a post-conviction habeas corpus proceeding pursuant to Tex.Code Cr.P.Ann. art. 11.07 (1977 and Supp.1987) may also be raised on appeal from an order revoking probation. *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr. App.1972) [to require a separate habeas corpus proceeding would be to require a useless thing].

It is well-established that a judgment of conviction may be collaterally attacked on the ground that a previous conviction used to enhance punishment pursuant to Tex. Pen.Code Ann. § 12.42 (1974 and Supp. 1987) was based on a fundamentally defective charging instrument. *Ex parte Adams*, 701 S.W.2d 257 (Tex.Cr.App.1985); *Ex parte White*, 659 S.W.2d 434 (Tex.Cr. App.1983); *Ex parte Nivens*, 619 S.W.2d 184 (Tex.Cr.App.1981); *Ex parte Howeth*, 609 S.W.2d 540 (Tex.Cr.App.1980). In *Ex parte Russell*, —— S.W.2d ——, No. 69,574, Tex.Cr.App., July 1, 1987 (opinion on rehearing) (not yet reported), on the other hand, it was held that a judgment of conviction may not be collaterally attacked on the ground that a previous conviction based on a fundamentally defective indictment was introduced in evidence pursuant to Tex. Code Cr.P.Ann. art. 37.07, § 3(a) (Supp.1987). The Court of Criminal Appeals distinguished this situation from that found in *Adams, White, et al.*, by noting that the void prior conviction "was not alleged in the indictment and did not have the effect of statutorily raising the range of punishment that the jury may consider."

In *Broughton v. State*, 148 Tex.Cr.R. 445, 188 S.W.2d 393 (1945), it was held that on appeal from a conviction for driving while intoxicated, subsequent offense, the complaint and information in the underlying misdemeanor conviction could not be collaterally attacked. However, *Broughton* was decided thirty years before the Court of Criminal Appeals opened the door to collateral attacks on charging instruments in *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975) and *Ex parte Roberts*, 522 S.W.2d 461 (Tex.Cr.App.1975). Thus, *Broughton* can no longer be considered good authority.

It is the opinion of this Court that the use of a previous conviction for driving while intoxicated to elevate a subsequent offense to a felony pursuant to former art. 6701*l*-2 or present art. 6701*l*-1(e) is analogous to the use of a previous felony conviction to enhance punishment pursuant to § 12.42. In both situations, the previous conviction is alleged in the instrument charging the subsequent offense and has the effect of statutorily raising the range of punishment applicable to the subsequent offense. *Ex parte Russell, supra.* We

hold therefore that appellant may collaterally attack his conviction for driving while intoxicated, subsequent offense, on the ground that the underlying misdemeanor conviction was based on a fundamentally defective information.

In 1977, appellant was convicted of the misdemeanor offense of driving while intoxicated in Williamson County cause number 21,897. This misdemeanor conviction was, in turn, alleged as the previous conviction in appellant's 1981 indictment for driving while intoxicated, subsequent offense, Williamson County cause number 81–213–K. It is from the trial court's order revoking appellant's probation in the latter cause that this appeal is taken.

■ The prosecution in cause number 21,897 was initiated by the filing of an information and complaint. The complaint in that cause, which appears in the record before this Court, was sworn to and subscribed before Bill Hill, but does not show the authority of Hill to so act. Appellant correctly points out that this renders the complaint and information based thereon void. *Purcell v. State,* 317 S.W.2d 208 (Tex.Cr.App.1958); *Johnson v. State,* 154 Tex.Cr.R. 257, 226 S.W.2d 644 (1950).[1] In the absence of a valid information and complaint, appellant's misdemeanor conviction in cause number 21,897 is void. It follows that under the decisions of the Court of Criminal Appeals previously discussed, appellant's felony conviction in cause number 81–213–K and the subsequent order revoking probation in that cause must be set aside.

The invalidity of the underlying misdemeanor conviction relates only to punishment, and the district court had jurisdiction to convict appellant of the lesser included offense. *Ex parte Arnold,* 574 S.W.2d 141 (Tex.Cr.App.1978). Therefore, the order revoking probation is reversed and the motion to revoke probation is ordered dismissed; the judgment of conviction is reformed to reflect a conviction for driving while intoxicated, first offense; and the cause is remanded to the district court for reassessment of punishment.

---

1. On December 30, 1986, an order styled "Complaint Nunc Pro Tunc" was entered in cause number 21,897 by Bill Hill, Justice of the Peace, Precinct 3, of Williamson County. This order states that "the Court accepted and signed the said complaint while acting in my official capacity as Justice of the Peace, Prec. # 3 of Williamson County, Texas" and goes on to order that the complaint be corrected to reflect that capacity. A certified copy of this order was attached to the State's brief filed in this cause, but the order was not made a part of the appellate record. *See Young v. State,* 552 S.W.2d 441 (Tex.Cr.App.1977); *Booth v. State,* 499 S.W.2d 129 (Tex.Cr.App.1973). Therefore, this Court has not considered this "Complaint Nunc Pro Tunc" in our disposition of this appeal, and we express no opinion as to its validity.