Thomas Gerald BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 63688.

Court of Criminal Appeals of Texas,
Panel No. 1.

July 13, 1983.

Rehearing Denied Oct. 12, 1983.

Dean White, J. Patrick Spruiell, Canton, for appellant.

Richard Davis, Dist. Atty., Canton, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

OPINION

McCORMICK, Judge.

Appellant was convicted of incest. Punishment, enhanced by two prior felony convictions, was assessed at life.

L____ M____ testified that around 6:00 a.m. on February 16, 1978, her husband had just left for work. While L____

M_____ was getting a bottle for her baby, her father, the appellant, entered the house. When L_____ M_____ asked appellant what he was doing there, he replied that his truck had broken down. L_____ M_____ told appellant that she did not believe him. Appellant then told L_____ M_____ she knew why he was there and he came toward her and grabbed her shoulders. He then pushed L_____ M_____ down on the couch and unzipped his pants. L_____ M_____ testified she began hitting appellant and trying to get up. Appellant then told L_____ M_____ that he would kill her husband if she did not comply. L_____ M_____ continued to resist until appellant grabbed her hands, held them together and pulled her panties down. He then forced her to have sexual intercourse with him.

In his first two grounds of error, appellant specifically challenges the sufficiency of the corroboration of the complainant's testimony. He contends that the complainant was an accomplice witness as a matter of law whose testimony must be corroborated in order for the evidence to be sufficient. At trial, appellant requested that the jury be instructed that the complainant was an accomplice as a matter of law. The trial court denied appellant's requested instruction and submitted the issue to the jury as a question of fact.

■ The general rule is that a female who consents to or voluntarily enters into an incestuous intercourse is an accomplice witness. *Bolin v. State,* 505 S.W.2d 912 (Tex.Cr.App.1974). Conversely, if the incestuous intercourse is compelled by force, threats, fraud or undue influence, the victim is not an accomplice witness. *Bolin v. State,* supra. If the victim is found to be an accomplice witness, then there must be other evidence tending to connect the accused with the offense. Article 38.14, V.A.C.C.P. If there is no such corroboration, the evidence will be deemed insufficient to support the conviction.

■ Viewing the evidence in the light most favorable to the State, the evidence shows that L_____ M_____ was compelled to participate in incestuous intercourse with

appellant through the use of force, threats and undue influence. Thus, L_____ M_____ is not an accomplice, her testimony need not be otherwise corroborated, and the evidence connecting appellant with the acts of intercourse is sufficient. Appellant's ground of error two is overruled.

■ Since L_____ M_____ is not an accomplice witness, the trial court did not err in failing to instruct the jury that L_____ M_____ was an accomplice witness as a matter of law. Appellant's first ground of error is overruled.

■ In his third ground of error, appellant complains about the admission of extraneous offenses, specifically prior incestuous offenses as well as the offense of unlawfully carrying a weapon. This dual allegation of error under one ground constitutes a multifarious ground of error and fails to preserve error under Article 40.-09(9), V.A.C.C.P. *Ely v. State,* 582 S.W.2d 416 (Tex.Cr.App.1979). However, we will address appellant's contentions.

■ At trial, L_____ M_____ testified that appellant had forced her to commit prior incestuous acts with him.

"The sexual passion or desire of X for Y is relevant to show the probability that X did an act realizing that desire. On the principle set out above, this desire at the time in question may be evidenced by proof of its existence at a prior or subsequent time. Its existence at such other time may, of course, be shown by any conduct which is the natural expression of such desire. Thus, in prosecutions for adultery, incest, seduction, rape, and rape under age of consent, prior or subsequent acts of intercourse or other acts of familiarity between the parties are admissible to show the probability of the offense. The fact that the intercourse or other conduct is a separate criminal offense does not affect the admissibility of the evidence. (footnotes omitted)." McCormick & Ray, Texas Law of Evidence (3rd Edition 1980) Section 1535, pages 236–237.

Until the decision in *Johns v. State,* 155 Tex.Cr.R. 503, 236 S.W.2d 820 (Tex.Cr.App. 1951), the question of the admission of such acts was unsettled. However, in *Johns,* all cases holding that such acts were inadmissible were overruled. We continue to adhere to the decision made in *Johns v. State,* supra. Thus, the trial court acted properly in admitting evidence of prior incestuous acts.

L___ M___ testified that appellant threatened to kill her mother and sisters if she told anyone about the incestuous acts. Thereafter, the following occurred:

"Q. (Prosecutor) Did you ever see him with a gun?

"A. Yes, sir.

"THE DEFENSE: Object to that. Extraneous offense, also if it is, indeed, an offense.

"THE COURT: Overruled."

L___ M___ then proceeded to describe the gun and the fact that appellant always carried the gun with him. When asked if she ever saw him threaten anyone with it, she answered affirmatively. All of this came into evidence without an objection from appellant. The State argues that this evidence was offered to explain why L___ M___ had not made a prompt outcry.

"It must be remembered that the conduct of the accused showing a consciousness of guilt, such as the suppression of the testimony of a witness, would be admissible as a circumstance tending to prove that he committed the act with which he is charged. *Love v. State,* 35 Tex.Cr.R. 27, 29 S.W. 790; *Savage v. State,* 75 Tex.Cr.R. 213, 170 S.W. 730; *Maddox v. State,* 163 Tex.Cr.R. 5, 288 S.W.2d 780 . . . . 'The defendant or any other witness is entitled to explain any fact tending to create a distrust of his integrity of truthfulness.' Branch's Ann. P.C., 2nd Edition, Volume 1, p. 133, Section 17." *Antwine v. State,* 572 S.W.2d 541 (Tex.Cr.App.1978), at page 543.

Thus, this Court has allowed admission of extraneous offenses for this purpose. In *Love v. State,* supra, the witness was al-lowed to testify that the day before trial the defendant had assaulted him with a club. In *Savage v. State,* supra, the witness was allowed to testify that the defendant had offered him a bribe in relation to his testimony. In *Maddox v. State,* supra, a witness to the offense of rape was allowed to testify that after he committed the offense, the defendant took her away from the scene, choked her and threw her over the side of a bridge into the water. We find that the evidence that appellant possessed a gun and made threats to kill L___ M___'s family was admissible as showing an effort on his part to suppress and destroy evidence against him. McCormick & Ray, Texas Law of Evidence (3rd Edition 1980), Section 1538, page 242. The evidence is also admissible to explain why L___ M___ did not make an immediate outcry. 48 Tex.Jur.2d Rape, Section 59. Appellant's third ground of error is overruled.

■ In his final ground of error, appellant contends the trial court erred in not giving him a transcription of his own grand jury testimony. Appellant concedes that under the present rule he has no absolute right to have the grand jury testimony made available to him. *Acuff v. State,* 433 S.W.2d 902 (Tex.Cr.App.1968); *Johnson v. State,* 503 S.W.2d 280 (Tex.Cr.App.1973). However, he argues that since this testimony was taken after he had been arrested and incarcerated, this was in fact custodial interrogation, and he is entitled to a copy of that testimony. We disagree. Statements made by the accused are discoverable under Article 39.14, V.A.C.C.P. However, the appellant does not have a general *right* to discovery of evidence in the possession of the State, even if the evidence is appellant's own statement. *Quinones v. State,* 592 S.W.2d 933 (Tex.Cr.App.1980), cert. denied 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). The decision is discretionary on the part of the trial court. Reversible error will not occur unless the evidence sought is material to the defense of the accused. After a careful review of the grand jury testimony of appellant, we have found nothing

material to appellant's defense. Appellant merely denies he committed the instant offense.

We decline to depart from the long standing rule that appellant is not entitled to a copy of grand jury proceedings unless he can show a "particularized need." *Mott v. State,* 543 S.W.2d 623 (Tex.Cr.App.1976); *Terry v. State,* 489 S.W.2d 879 (Tex.Cr.App. 1973); *Johnson v. State,* supra; *Acuff v. State,* supra. Appellant has not demonstrated such a need in the instant case. His ground of error is overruled.

The judgment is affirmed.

TEAGUE, J., concurs.