TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00295-CR


NO. 03-98-00296-CR






Michael Brooks, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NOS. 466,166 & 480,320, HONORABLE DAVID CRAIN, JUDGE PRESIDING







A jury found appellant Michael Brooks guilty of assault and violating a protective
order. Tex. Penal Code Ann. §§ 22.01(a)(1) (West 1994), 25.07(a)(2) (West Supp. 1999). The
county court at law assessed punishment for the former offense at incarceration for 365 days and
a $2000 fine, and for the latter at incarceration for 250 days and a $1000 fine. Appellant, who
represents himself, complains that he was denied a speedy trial and equal rights under the law, that
the prosecutor was permitted to make improper statements, and that certain photographs were
erroneously admitted in evidence. We will overrule these contentions and affirm the judgments
of conviction.

Appellant contends he was denied a speedy trial in the assault case. Appellant relies
in part on the terms of the Speedy Trial Act to support this contention. See Tex. Code Crim.
Proc. Ann. art. 32A.02 (West 1989). This reliance is misplaced. The act was declared
unconstitutional in Meshell v. State, 739 S.W.2d 246, 255-58 (Tex. Crim. App. 1987). We also
understand appellant to assert a violation of his constitutional right to a speedy trial. See Barker
v. Wingo, 407 U.S. 514 (1972); Hull v. State, 699 S.W.2d 220, 221 (Tex. Crim. App. 1986);
U.S. const. amends VI, XIV; Tex. Const. art. I, § 10. Appellate review of this issue is conducted
de novo. Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). We must balance four
factors: length of the delay, reason for the delay, assertion of the right, and prejudice to the
accused. Barker, 407 U.S. at 530; Johnson, 954 S.W.2d at 771.

Appellant was arrested in October 1996 after assaulting his wife at their home. The
cause was set for trial in February 1997, but the trial was postponed when appellant refused to
consent to an amendment of the information on that date. At this time, appellant was released on
personal bond. Appellant was rearrested in June 1997 after violating the terms of the restraining
order obtained by his wife. At a hearing in August 1997, appellant was again released on personal
bond. At this hearing, the court was told that appellant, who by this time was representing himself
with standby counsel, requested at least six months to prepare for trial. Appellant was tried for
both offenses in April 1998.

Approximately nineteen months elapsed between appellant's arrest for the assault
and his trial. Although requests for a speedy trial were among the many pro se pretrial motions
filed by appellant, the record reflects that appellant in fact sought to delay his trial. Appellant
objected to the amendment of the information in February 1997 as a means of delaying trial. 
Appellant told the court, "[I[f I can keep that [trial] off, I'd like to keep that off. But I would also
like to be released to be able to gather information that would help my defense." In August 1997,
appellant asked for an additional six months to prepare for trial. Thus, it appears that much of the
delay of which appellant now complains was at his request or with his consent. Finally, there is
no showing of significant prejudice to appellant resulting from the delay. Appellant was free on
bond for much of the time, and there is no evidence that appellant's ability to present a defense
was impaired. Balancing these factors, we conclude that appellant's constitutional right to a
speedy trial was not violated. Point of error one in cause number 3-98-295-CR is overruled.

Appellant next contends that his prosecution for violating the protective order was
a denial of the Texas Constitution's guarantee of equal rights under the law. Tex. Const. art. I,
§§ 3 (equal rights), 3a (equality under the law). Appellant complains that his wife violated the
terms of the protective order by contacting and visiting him, but that only he was prosecuted. The
protective order, however, was directed against appellant, not his wife. Whatever wrongs
appellant may believe his wife committed against him, his prosecution for the undisputed violation
of the protective order did not deny him equal rights under the laws. Point of error one in cause
number 3-98-296-CR is overruled.

The remaining points of error are identical in both causes. By point of error two,
appellant complains the prosecutor made misleading, inflammatory statements during jury
argument that were outside the record. This contention was not preserved for review because
appellant did not object. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); Najera
v. State, 955 S.W.2d 698, 702 (Tex. App.--Austin 1997, no pet.). In the same point of error,
appellant also complains of testimony by a police officer that wearing a wedding band sixteen
months after a divorce, as appellant was shown to do, was in his experience consistent with
"stalking." Appellant voiced no specific objection to this testimony, and no error was preserved. 
Tex. R. App. P. 33.1(a). Point of error two in each cause is overruled.

Appellant's last point of error is that three photographs of his wife showing the
injuries inflicted during the assault were erroneously admitted because they "were not what they
were purported to be" and because they were not shown to the defense prior to trial. The first
contention, for which appellant cites Texas Rules of Evidence 1002 and 1004, was not presented
to the trial court and thus was not preserved for review. As to the second contention, appellant
argues that the State's failure to disclose the photographs prior to trial violated his discovery
motions. While appellant did file such motions, there is no record that any of them were granted
by the court. A defendant has no general right to discover evidence in the possession of the State. 
Brown v. State, 657 S.W.2d 117, 119 (Tex. Crim. App. 1983). There is no showing that
disclosure of the photographs would have benefitted the defense. See Crane v. State, 786 S.W.2d
338, 348-49 (Tex. Crim. App. 1990); Quinones v. State, 592 S.W.2d 933, 941 (Tex. Crim. App.
1980). Point of error three in each cause is overruled.

The judgments of conviction are affirmed.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: February 25, 1999

Do Not Publish



er assaulting his wife at their home. The
cause was set for trial in February 1997, but the trial was postponed when appellant refused to
consent to an amendment of the information on that date. At this time, appellant was released on
personal bond. Appellant was rearrested in June 1997 after violating the terms of the restraining
order obtained by his wife. At a hearing in August 1997, appellant was again released on personal
bond. At this hearing, the court was told that appellant, who by this time was representing himself
with standby counsel, requested at least six months to prepare for trial. Appellant was tried for
both offenses in April 1998.

Approximately nineteen months elapsed between appellant's arrest for the assault
and his trial. Although requests for a speedy trial were among the many pro se pretrial motions
filed by appellant, the record reflects that appellant in fact sought to delay his trial. Appellant
objected to the amendment of the information in February 1997 as a means of delaying trial. 
Appellant told the court, "[I[f I can keep that [trial] off, I'd like to keep that off. But I would also
like to be released to be able to gather information that would help my defense." In August 1997,
appellant asked for an additional six months to prepare for trial. Thus, it appears that much of the
delay of which appellant now complains was at his request or with his consent. Finally, there is
no showing of significant prejudice to appellant resulting from the delay. Appellant was free on
bond for much of the time, and there is no evidence that appellant's ability to present a defense
was impaired. Balancing these factors, we conclude that appellant's constitutional right to a
speedy trial was not violated. Point of error one in cause number 3-98-295-CR is overruled.

Appellant next contends th