02-10-266-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00266-CR

 

 


 
 
 Donald Garland Roberts
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I.    
  Introduction

          In
two points, Appellant Donald Garland Roberts appeals his conviction for
aggravated sexual assault of a child.  We affirm.

II.  
  Factual and Procedural Background

          Cynthia
Roberts, a bipolar diabetic, married Roberts when her daughter Jane (a
pseudonym) was around ten years old.  Roberts began to control Cynthia’s
medications; while she was sedated, he began molesting Jane in the summer of
2005, when Jane was thirteen years old.  Jane testified that over a six month
period, Roberts penetrated her sexual organ with his penis on multiple
occasions—around four times a week—and forced Jane to perform oral sex on him
around five times and that he performed oral sex on her around five times.

          During
the same time period, Jane’s friend Susan (a pseudonym) lived with the family.  While
both were clothed, Roberts had Susan get on top of him and wiggle around with
her “crotch area . . . touching his crotch area”[2]
to make Jane jealous.[3]  He also had her pretend
to give him oral sex to make Jane jealous.  Roberts received a limiting
instruction before Susan was allowed to give this testimony and the trial court
included a limiting instruction in the jury charge.

          Jane
testified that she had been afraid of Roberts and felt compelled to remain
quiet about what happened because he hit her and her mother and they were
completely dependent upon him.[4]  Cynthia and Jane moved
out in January 2006 and obtained a protective order against Roberts.  Jane made
an outcry statement in June 2006, around six months after the last assault.

          A
jury convicted Roberts of nine counts of aggravated sexual assault of a child
and assessed punishment at seventy years’ confinement and a $10,000 fine for
each count.  This appeal followed.

III. 
  Extraneous Offenses

          In
both points, Roberts argues that the trial court abused its discretion by
admitting extraneous offense evidence during the guilt-innocence phase of trial
of an assault on Cynthia and his molestation of Susan.

A. Standard
of Review

          We
review a trial court’s decision to admit evidence for an abuse of discretion,
and the decision should be reversed on appeal only if there is a showing of a
clear abuse of discretion.  Green v. State, 934 S.W.2d 92, 101–02, 104
(Tex. Crim. App. 1996), cert. denied, 520 U.S. 1200 (1997); Miller v.
State, 196 S.W.3d 256, 267 (Tex. App.—Fort Worth 2006, pet ref’d).  Only if
the court’s decision falls outside the “zone of reasonable disagreement” has it
abused its discretion.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1991) (op. on reh’g).

B.
Extraneous Offense Evidence

          During
the guilt-innocence phase of trial and outside the jury’s presence, the State argued
that its offer of evidence that Roberts had hit Cynthia was to show that part
of Roberts’s plan was to scare Jane into keeping quiet about the sexual abuse.  That
is, as set forth by the prosecutor, 

He would not only
strike [Jane], he would strike her mother Cynthia and he would throw objects
and he would break objects and all of this put the victim in fear of him such
that she delayed a long, long time before she told anybody.  So it was part off
[sic] his overall plan of violence and intimidation to keep her from reporting
and it was successful.

 

After
discussion, the trial court stated, 

With regard to what
the State has anticipated in its proffering the evidence is for the purpose of
showing to the jury that there was an ongoing systematic pattern of behavior
involving violence towards the family members within the household so that he
could manipulate the child into a sexual abuse situation.  That seems
reasonable to the Court.

 

The
trial court also overruled Roberts’s subsequent rule 403 objection.

          Before
the jury, the State asked Jane if she had ever seen Roberts hit her mother,
Roberts renewed his rule 404(b) and 403 objections, and the trial court
overruled these objections again but gave a limiting instruction to the jury
before Jane answered.

          Roberts
acknowledged prior to his cross-examination of Susan that the defense’s theory
was that Jane had fabricated her sexual abuse accusation.  The State argued
that the defense’s cross-examination of Jane and Cynthia, that demonstrated
this theory, opened the door to Roberts’s extraneous sexual abuse of Susan.  Roberts
disagreed, but the trial court overruled his rule 404(b) and 403 objections and
allowed the State to develop the evidence concerning Susan after giving the
jury a limiting instruction.

C. Applicable Law

          Rule
404(b), “Other Crimes, Wrongs or Acts,” provides, 

Evidence of other
crimes, wrongs or acts is not admissible to prove the character of a person in
order to show action in conformity therewith. It may, however, be admissible
for other purposes, such as proof of motive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident, provided that
upon timely request by the accused in a criminal case, reasonable notice is
given in advance of trial of intent to introduce in the State’s case-in-chief
such evidence other than that arising in the same transaction.

 

Tex.
R. Evid. 404(b).  As noted by the court of criminal appeals, rule 404(b)’s purpose
is to see that a defendant is “tried only for the offense for which he is
charged and not for being a criminal generally.”  Rogers v. State, 853
S.W.2d 29, 32 n.3 (Tex. Crim. App. 1993); see also Davis v. State, 955
S.W.2d 340, 348 (Tex. App.—Fort Worth 1997, pet. ref’d) (“If evidence is
relevant to any issue in a case ‘apart from or beyond’ its tendency to prove
the defendant’s character to show that he acted in conformity with it, rule
404(b) does not bar its admission.”).  If a trial court determines that
evidence of other crimes or extraneous misconduct has relevance aside from
character conformity, and a timely, proper rule 403 objection is made, the
trial court must make a balancing determination under rule 403.  Karnes v.
State, 127 S.W.3d 184, 191 (Tex. App.—Fort Worth 2003, pet. ref’d) (citing Montgomery,
810 S.W.2d at 388–89).

          Rule
403, “Exclusion of Relevant Evidence on Special Grounds,” provides that “[a]lthough
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence.”  Tex. R. Evid. 403.  The relevant
criteria in determining whether the prejudice of an extraneous offense
substantially outweighs its probative value include

(1) how compellingly
the extraneous offense evidence serves to make a fact of consequence more or
less probable—a factor which is related to the strength of the evidence
presented by the proponent to show the defendant in fact committed the
extraneous offense; (2) the potential the other offense evidence has to impress
the jury ‘in some irrational but nevertheless indelible way’; (3) the time the
proponent will need to develop the evidence, during which the jury will be
distracted from consideration of the indicted offense; and (4) the force of the
proponent’s need for this evidence to prove a fact of consequence, that is, does
the proponent have other probative evidence available to him to help establish
this fact, and is this fact related to an issue in dispute.

 

Sanders
v. State, 255 S.W.3d 754, 760 (Tex. App.—Fort Worth 2008, pet.
ref’d) (citing Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App.
1999).

D.
Analysis

          1. 
Extraneous Offense Evidence—Cynthia 

          With
regard to Roberts’s rule 404(b) objection to the extraneous offense evidence pertaining
to Roberts hitting Cynthia, “[a]n extraneous offense is admissible to explain
why a victim of sexual assault did not make a prompt outcry.”  Wilson v.
State, 90 S.W.3d 391, 394 (Tex. App.—Dallas 2002, no pet.) (citing Brown
v. State, 657 S.W.2d 117, 119 (Tex. Crim. App. 1983)).  In Wilson, the
complainant did not tell the police for two years that she had been sexually assaulted
because she was scared the assailant would hurt her mother if she told anyone
about the sexual abuse.  Id.  The court held that “[b]ecause the State
is allowed to present evidence on why [the minor complainant] did not promptly
report the abuse, the trial court did not err by admitting [her] testimony that
[the assailant] had assaulted her mother.”  Id.  Here, on similar facts,
we hold that the trial court did not abuse its discretion by overruling
Roberts’s rule 404(b) objection to the extraneous offense evidence about
Roberts hitting his wife.

          Turning
to Roberts’s rule 403 objection, the State argued that the evidence tended to
show that Roberts used violence to silence Jane and that it corroborated her testimony
that Roberts had used violence against her too.  The testimony was clear,
direct, and tied Roberts’s physical abuse of Cynthia to his physical abuse of
Jane both as a plan and as to the reason for the plan.  Further, a class A
misdemeanor assault on Cynthia pales in comparison to the six months of sexual
abuse testified about by Jane and therefore would not indelibly and
irrationally impress the jury.  And the overall time spent on the incident was
slight in comparison to the State’s overall case; therefore, any distraction of
the jury from the State’s case in chief was minimal.  Finally, the State’s need
for the evidence was great in order to rebut Roberts’s theory that Jane’s
accusation was fabricated and to provide a reason—physical abuse and fear—for the
delayed outcry about the sexual abuse.  See Sanders, 991 S.W.2d at 847.  We
hold that the trial court did not abuse its discretion by overruling Roberts’s rule
403 objection with regard to the extraneous offense evidence pertaining to hitting
Cynthia.

          2.
 Extraneous Offense Evidence—Susan

          Rebuttal
of a defensive theory is one of the “other purposes” for which extraneous
offense evidence may be admitted under rule 404(b).  Williams v. State,
301 S.W.3d 675, 687 (Tex. Crim. App. 2009), cert. denied, 130 S. Ct.
3411 (2010); see also Isenhower v. State, 261 S.W.3d 168, 181
(Tex. App.—Houston [14th Dist.] 2008, no pet.) (“A trial court does not abuse
its discretion in admitting extraneous offense evidence to rebut a defensive
theory of frame-up or retaliation.”).

          For
example, in Bass v. State, a jury convicted the appellant of two counts
of indecency with a child, primarily based on the complainant’s testimony and
extraneous offense evidence of two other cases of child molestation.  270 S.W.3d
557, 557 (Tex. Crim. App. 2008).  The court of appeals reversed, holding that
the trial court abused its discretion by admitting the extraneous offense
evidence, which resulted in harmful error.  Id.  In reversing the court
of appeals’s decision, the court of criminal appeals noted that in his opening
statement, Bass presented a fabrication defense.  Id. at 557–58.  The
State argued, and the court of criminal appeals agreed, that as to the
extraneous offense evidence concerning the two other instances of child molestation,

if the State can show
that a defendant has committed similar sexual assaults against unrelated and
unconnected children, an affirmative defense allegation that the victim [of the
charged offense] fabricated her claims is less likely to be true.  By showing
that the victim’s allegations are less likely to be fabricated, the evidence
directly rebuts the defensive claims and has logical relevance aside from
character conformity.

 

Id. at 562–63
(holding that such a defense opening statement opened the door to the admission
of extraneous-offense evidence to rebut the defensive theory).  Further, the
court noted that the case law makes no categorical distinctions between a “fabrication”
defense and a “retaliation” defense.  See id. at 563.  Roberts relied on
both theories at trial—that Cynthia and Jane had made up the sexual abuse
accusation to retaliate for Roberts’s refusal to share with Cynthia the
proceeds of his personal injury lawsuit.

          Here,
although Roberts delayed making his opening statement until after Jane and Cynthia
had testified, his cross-examination of both Jane and Cynthia and the discussions
outside the jury’s presence revealed that fabrication and retaliation were his
defensive theories.  We conclude that the trial court properly overruled
Roberts’s rule 404(b) objection and admitted the extraneous offense evidence of
Roberts molesting Susan to rebut his defensive theories of fabrication by Jane
and retaliation by Cynthia.  See id. at 562–63; see also Bargas v.
State, 252 S.W.3d 876, 892 (Tex. App.—Houston [14th Dist.] 2008, no pet.)
(stating that extraneous-offense evidence was probative to rebut defense’s fabrication
and retaliation theory because it consisted of testimony that appellant had
sexually touched another pre-teen girl living in appellant’s residence at the
time he touched the pre-teen complainant in a similar manner).

          And
as to Roberts’s rule 403 objection, Susan’s testimony was clear and direct and
addressed the probability of Jane fabricating her allegations; its potential
for impressing the jury in some irrational and indelible way was minimal since Susan’s
allegations were significantly less egregious than Jane’s; Susan’s testimony
was not lengthy or of such nature as to distract the jury from Jane’s
allegations; and the State’s need for Susan’s testimony was great in that it
addressed the probability of fabrication by Jane, Roberts’s defensive theory.  See
Sanders, 991 S.W.2d at 847.  We conclude that the trial court did not abuse
its discretion by overruling Roberts’s rule 403 objection.

IV.
  Conclusion

            Having
overruled Roberts’s two points, we affirm the trial court’s judgment.

 

 

                                                                             BOB
MCCOY

                                                                             JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED:  November 17, 2011









[1]See Tex. R. App. P. 47.4.





[2]Susan clarified that by
“crotch area,” she meant the areas where Roberts’s penis and her female sexual
organ were located.





[3]Jane testified about a
similar incident during which her mother walked in while Jane was straddling Roberts.





[4]Roberts received limiting
instructions during Jane’s testimony regarding Roberts hitting her mother and
during Cynthia’s testimony regarding Roberts hitting her.