

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00266-CR

DONALD GARLAND ROBERTS                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I.   Introduction

In two points, Appellant Donald Garland Roberts appeals his conviction for aggravated sexual assault of a child.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

Cynthia Roberts, a bipolar diabetic, married Roberts when her daughter Jane (a pseudonym) was around ten years old. Roberts began to control Cynthia's medications; while she was sedated, he began molesting Jane in the summer of 2005, when Jane was thirteen years old. Jane testified that over a six month period, Roberts penetrated her sexual organ with his penis on multiple occasions—around four times a week—and forced Jane to perform oral sex on him around five times and that he performed oral sex on her around five times.

During the same time period, Jane's friend Susan (a pseudonym) lived with the family. While both were clothed, Roberts had Susan get on top of him and wiggle around with her "crotch area . . . touching his crotch area"[2] to make Jane jealous.[3] He also had her pretend to give him oral sex to make Jane jealous. Roberts received a limiting instruction before Susan was allowed to give this testimony and the trial court included a limiting instruction in the jury charge.

Jane testified that she had been afraid of Roberts and felt compelled to remain quiet about what happened because he hit her and her mother and they

---

[2]Susan clarified that by "crotch area," she meant the areas where Roberts's penis and her female sexual organ were located.

[3]Jane testified about a similar incident during which her mother walked in while Jane was straddling Roberts.

2

were completely dependent upon him.[4]  Cynthia and Jane moved out in January 2006 and obtained a protective order against Roberts.  Jane made an outcry statement in June 2006, around six months after the last assault.

A jury convicted Roberts of nine counts of aggravated sexual assault of a child and assessed punishment at seventy years' confinement and a $10,000 fine for each count.  This appeal followed.

### III.  Extraneous Offenses

In both points, Roberts argues that the trial court abused its discretion by admitting extraneous offense evidence during the guilt-innocence phase of trial of an assault on Cynthia and his molestation of Susan.

### A. Standard of Review

We review a trial court's decision to admit evidence for an abuse of discretion, and the decision should be reversed on appeal only if there is a showing of a clear abuse of discretion.  *Green v. State*, 934 S.W.2d 92, 101–02, 104 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1200 (1997); *Miller v. State*, 196 S.W.3d 256, 267 (Tex. App.—Fort Worth 2006, pet ref'd).  Only if the court's decision falls outside the "zone of reasonable disagreement" has it abused its discretion.  *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

---

[4]Roberts received limiting instructions during Jane's testimony regarding Roberts hitting her mother and during Cynthia's testimony regarding Roberts hitting her.

3

## B. Extraneous Offense Evidence

During the guilt-innocence phase of trial and outside the jury's presence, the State argued that its offer of evidence that Roberts had hit Cynthia was to show that part of Roberts's plan was to scare Jane into keeping quiet about the sexual abuse. That is, as set forth by the prosecutor,

> He would not only strike [Jane], he would strike her mother Cynthia and he would throw objects and he would break objects and all of this put the victim in fear of him such that she delayed a long, long time before she told anybody. So it was part off [sic] his overall plan of violence and intimidation to keep her from reporting and it was successful.

After discussion, the trial court stated,

> With regard to what the State has anticipated in its proffering the evidence is for the purpose of showing to the jury that there was an ongoing systematic pattern of behavior involving violence towards the family members within the household so that he could manipulate the child into a sexual abuse situation. That seems reasonable to the Court.

The trial court also overruled Roberts's subsequent rule 403 objection.

Before the jury, the State asked Jane if she had ever seen Roberts hit her mother, Roberts renewed his rule 404(b) and 403 objections, and the trial court overruled these objections again but gave a limiting instruction to the jury before Jane answered.

Roberts acknowledged prior to his cross-examination of Susan that the defense's theory was that Jane had fabricated her sexual abuse accusation. The State argued that the defense's cross-examination of Jane and Cynthia, that demonstrated this theory, opened the door to Roberts's extraneous sexual abuse

4

of Susan. Roberts disagreed, but the trial court overruled his rule 404(b) and 403 objections and allowed the State to develop the evidence concerning Susan after giving the jury a limiting instruction.

## C. Applicable Law

Rule 404(b), "Other Crimes, Wrongs or Acts," provides,

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

Tex. R. Evid. 404(b). As noted by the court of criminal appeals, rule 404(b)'s purpose is to see that a defendant is "tried only for the offense for which he is charged and not for being a criminal generally." *Rogers v. State*, 853 S.W.2d 29, 32 n.3 (Tex. Crim. App. 1993); *see also Davis v. State*, 955 S.W.2d 340, 348 (Tex. App.—Fort Worth 1997, pet. ref'd) ("If evidence is relevant to any issue in a case 'apart from or beyond' its tendency to prove the defendant's character to show that he acted in conformity with it, rule 404(b) does not bar its admission."). If a trial court determines that evidence of other crimes or extraneous misconduct has relevance aside from character conformity, and a timely, proper rule 403 objection is made, the trial court must make a balancing determination under rule 403. *Karnes v. State*, 127 S.W.3d 184, 191 (Tex. App.—Fort Worth 2003, pet. ref'd) (citing *Montgomery*, 810 S.W.2d at 388–89).

5

Rule 403, "Exclusion of Relevant Evidence on Special Grounds," provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. The relevant criteria in determining whether the prejudice of an extraneous offense substantially outweighs its probative value include

> (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense; (2) the potential the other offense evidence has to impress the jury 'in some irrational but nevertheless indelible way'; (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the proponent's need for this evidence to prove a fact of consequence, that is, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*Sanders v. State*, 255 S.W.3d 754, 760 (Tex. App.—Fort Worth 2008, pet. ref'd) (citing *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).

## D. Analysis

### 1. Extraneous Offense Evidence—Cynthia

With regard to Roberts's rule 404(b) objection to the extraneous offense evidence pertaining to Roberts hitting Cynthia, "[a]n extraneous offense is admissible to explain why a victim of sexual assault did not make a prompt outcry." *Wilson v. State*, 90 S.W.3d 391, 394 (Tex. App.—Dallas 2002, no pet.)

6

(citing *Brown v. State*, 657 S.W.2d 117, 119 (Tex. Crim. App. 1983)).  In *Wilson*, the complainant did not tell the police for two years that she had been sexually assaulted because she was scared the assailant would hurt her mother if she told anyone about the sexual abuse.  *Id*.  The court held that "[b]ecause the State is allowed to present evidence on why [the minor complainant] did not promptly report the abuse, the trial court did not err by admitting [her] testimony that [the assailant] had assaulted her mother."  *Id*.  Here, on similar facts, we hold that the trial court did not abuse its discretion by overruling Roberts's rule 404(b) objection to the extraneous offense evidence about Roberts hitting his wife.

Turning to Roberts's rule 403 objection, the State argued that the evidence tended to show that Roberts used violence to silence Jane and that it corroborated her testimony that Roberts had used violence against her too.  The testimony was clear, direct, and tied Roberts's physical abuse of Cynthia to his physical abuse of Jane both as a plan and as to the reason for the plan.  Further, a class A misdemeanor assault on Cynthia pales in comparison to the six months of sexual abuse testified about by Jane and therefore would not indelibly and irrationally impress the jury.  And the overall time spent on the incident was slight in comparison to the State's overall case; therefore, any distraction of the jury from the State's case in chief was minimal.  Finally, the State's need for the evidence was great in order to rebut Roberts's theory that Jane's accusation was fabricated and to provide a reason—physical abuse and fear—for the delayed outcry about the sexual abuse.  *See Sanders*, 991 S.W.2d at 847.  We hold that

7

the trial court did not abuse its discretion by overruling Roberts's rule 403 objection with regard to the extraneous offense evidence pertaining to hitting Cynthia.

### 2. Extraneous Offense Evidence—Susan

Rebuttal of a defensive theory is one of the "other purposes" for which extraneous offense evidence may be admitted under rule 404(b). *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009), *cert. denied*, 130 S. Ct. 3411 (2010); *see also Isenhower v. State*, 261 S.W.3d 168, 181 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("A trial court does not abuse its discretion in admitting extraneous offense evidence to rebut a defensive theory of frame-up or retaliation.").

For example, in *Bass v. State*, a jury convicted the appellant of two counts of indecency with a child, primarily based on the complainant's testimony and extraneous offense evidence of two other cases of child molestation. 270 S.W.3d 557, 557 (Tex. Crim. App. 2008). The court of appeals reversed, holding that the trial court abused its discretion by admitting the extraneous offense evidence, which resulted in harmful error. *Id*. In reversing the court of appeals's decision, the court of criminal appeals noted that in his opening statement, Bass presented a fabrication defense. *Id.* at 557–58. The State argued, and the court of criminal appeals agreed, that as to the extraneous offense evidence concerning the two other instances of child molestation,

if the State can show that a defendant has committed similar sexual assaults against unrelated and unconnected children, an affirmative defense allegation that the victim [of the charged offense] fabricated her claims is less likely to be true. By showing that the victim's allegations are less likely to be fabricated, the evidence directly rebuts the defensive claims and has logical relevance aside from character conformity.

*Id.* at 562–63 (holding that such a defense opening statement opened the door to the admission of extraneous-offense evidence to rebut the defensive theory). Further, the court noted that the case law makes no categorical distinctions between a "fabrication" defense and a "retaliation" defense. *See id.* at 563. Roberts relied on both theories at trial—that Cynthia and Jane had made up the sexual abuse accusation to retaliate for Roberts's refusal to share with Cynthia the proceeds of his personal injury lawsuit.

Here, although Roberts delayed making his opening statement until after Jane and Cynthia had testified, his cross-examination of both Jane and Cynthia and the discussions outside the jury's presence revealed that fabrication and retaliation were his defensive theories. We conclude that the trial court properly overruled Roberts's rule 404(b) objection and admitted the extraneous offense evidence of Roberts molesting Susan to rebut his defensive theories of fabrication by Jane and retaliation by Cynthia. *See id.* at 562–63; *see also Bargas v. State*, 252 S.W.3d 876, 892 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that extraneous-offense evidence was probative to rebut defense's fabrication and retaliation theory because it consisted of testimony that appellant

9

had sexually touched another pre-teen girl living in appellant's residence at the time he touched the pre-teen complainant in a similar manner).

And as to Roberts's rule 403 objection, Susan's testimony was clear and direct and addressed the probability of Jane fabricating her allegations; its potential for impressing the jury in some irrational and indelible way was minimal since Susan's allegations were significantly less egregious than Jane's; Susan's testimony was not lengthy or of such nature as to distract the jury from Jane's allegations; and the State's need for Susan's testimony was great in that it addressed the probability of fabrication by Jane, Roberts's defensive theory. *See Sanders*, 991 S.W.2d at 847. We conclude that the trial court did not abuse its discretion by overruling Roberts's rule 403 objection.

## IV. Conclusion

Having overruled Roberts's two points, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 17, 2011