

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| BRADLEY PATTERSON, | § | No. 08-13-00152-CR |
| Appellant, | § | Appeal from |
| v. | § | 384th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20110D03011) |
|  | § |  |

## **O P I N I O N**

Bradley Patterson appeals his conviction of aggravated sexual assault of a child. A jury found Appellant guilty and assessed his punishment at imprisonment for thirty-eight years. Finding no error, we affirm.

### **FACTUAL SUMMARY**

On June 10, 2011, seven-year-old J.H. was playing soccer outside her apartment with some other children. She had ripped her pink and black soccer ball while playing with it the week before and Appellant offered to give her a new ball if she would go with him. When J.H. agreed, Appellant took her by the hand and led her to what she described as an old apartment in the back with a lot of furniture in it. Once inside the apartment, J.H. began yelling. Appellant picked up a roll of duct tape and threatened to tape her mouth if she did not stop yelling. Appellant initially choked her and then pulled down her shorts and underwear. After putting J.H.

on the floor, Appellant pulled down his pants and she could see his private part. Appellant then climbed on top of J.H. and put his private part on her private part. She specifically testified that his private part touched her private part. Appellant moved up and down on her and she felt some liquid on her private part. J.H. described these events in her testimony and she also used anatomically correct dolls to demonstrate what Appellant did. Afterward, Appellant pulled up his pants and instructed J.H. to pull up her pants. Appellant told J.H. that he would kill her family if she called the police and he instructed her to count to ten before she left the apartment. J.H. counted to ten and ran back to her apartment where she told her older sister, L.R., what had happened. J.H. asked her not to call the police because Appellant had threatened to kill them if she did. L.R. called the police despite the threat.

The El Paso Police Department did not direct that a sexual assault examination be performed, but Detective Oscar Morales later collected the underwear J.H. was wearing at the time of the assault.[1] The evidence was submitted to the Texas Department of Public Safety for testing and Christine Ceniceros, a DNA analyst, found semen on the underwear. Ceniceros compared a buccal swab collected from Appellant and determined that the DNA on the underwear belonged to Appellant.

## ADMISSION OF THREATS

In Issue One, Appellant contends that the trial court abused its discretion by permitting the State to "repeatedly present" to the jury evidence that Appellant threatened to kill the victim and her family if she called the police because the State did not give him notice of its intent to

---

[1] The police sergeant who made the decision admitted it was a mistake not to direct that a sexual assault examination be performed.

introduce this extraneous evidence as required by TEX.R.EVID. 404(b). The State responds that (1) Appellant failed to preserve error by objecting each time a witness testified about the threat, (2) the threat evidence was admissible as same transaction contextual evidence so it was not required to give notice under Rule 404(b), and (3) it gave Appellant notice of its intent to introduce the threat evidence if notice is required.

*Preservation of Error*

The Rules of Appellate Procedure require a party to preserve error by making a timely and specific objection. TEX.R.APP.P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002); *Peralta v. State*, 338 S.W.3d 598, 609 (Tex.App.--El Paso 2010, no pet.). With two exceptions, a party must continue to object every time inadmissible evidence is offered. *Peralta*, 338 S.W.3d at 609, *citing Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). The two exceptions require counsel to either (1) obtain a running objection, or (2) request a hearing outside the presence of the jury and object to all of the evidence he deems objectionable on a given subject. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003); *Ethington*, 819 S.W.2d at 858-59. Evidentiary error is not preserved when the same evidence is admitted elsewhere without objection. *Peralta*, 338 S.W.3d at 609.

In his brief, Appellant identifies three instances where the State utilized the threat evidence. First, during opening statements, the prosecutor informed the jury that the State would present evidence that Appellant told J.H. that he would kill her and her family if she called the police. Appellant objected that this was an extraneous offense, but he did not object to a lack of notice. Second, Appellant objected that he had not been given notice of the extraneous offense

when the State elicited the threat evidence during J.H.'s testimony. Third, the victim's mother, G.H., testified without objection that J.H. was scared and did not want to say exactly what had happened because Appellant had threatened her. As noted by the State, Appellant did not object to testimony by the victim's older sister, L.R., that J.H. did not want her to call the police because Appellant had threatened to kill them if they called the police.

Appellant did not obtain a running objection, nor did he object in a hearing outside of the jury's presence to all of the threat evidence. Thus, he was required to object every time a witness testified about the threat to preserve error. Having failed to do so, Appellant waived the complaint raised on appeal.

### Same Transaction Contextual Evidence

Even if Appellant preserved error, his argument is without merit. Rule 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. TEX.R.EVID. 404(b). Evidence of extraneous acts may, however, be admissible for other purposes, provided that upon timely request by the accused, "reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction." *Id.* Evidence of another crime, wrong, or act may be admissible as same transaction contextual evidence when several crimes are intermixed, blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony of any one of them cannot be given without showing the others. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex.Crim.App. 2011). Same transaction contextual evidence is admissible as an exception under Rule 404(b) only when the

- 4 -

offense would make little or no sense without also bringing in that evidence, and only to the extent it is necessary to the jury's understanding of the offense. *Devoe*, 354 S.W.3d at 469. The purpose of this type of evidence is to assist the factfinder in understanding the nature and context of the charged offense. *See Camacho v. State*, 864 S.W.2d 524, 532 (Tex.Crim.App. 1993). Events do not occur in a vacuum and the jury should be permitted to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex.Crim.App. 2000).

The trial court could have reasonably found that Appellant's threat to kill J.H. and her family if she called the police was intermixed with and indivisibly connected to the charged offense given that the threat was made during the course of the aggravated sexual assault and it explained J.H.'s resistance to her sister calling the police. In other words, the evidence put the charged offense into context and was necessary to the jury's understanding of the offense. The trial court did not abuse its discretion by admitting the threat evidence. *See Brown v. State*, 657 S.W.2d 117, 119 (Tex.Crim.App. 1983)(holding that evidence defendant threatened to kill the sexual-assault victim's family was admissible to show reason for delayed outcry). Given that the evidence was properly admitted as same transaction contextual evidence, the State was not required to give notice under Rule 404(b). Even so, the record reflects that the State twice gave Appellant written notice of its intent to use the evidence at trial. For all of these reasons, Issue One is overruled.

## STATE'S EXHIBIT 8

In Issue Two, Appellant argues that the trial court abused its discretion by admitting

State's Exhibit 8, the child victim's underwear, without first establishing a proper chain of custody. Appellant refers to both "chain of custody" and "authentication" in his brief and he argues that the trial court should not have admitted the exhibit through the victim's mother, G.H., before the State elicited testimony from the detective who collected the evidence and from the DPS forensic examiner who performed the DNA analysis.

The victim's mother, G.H., testified that J.H. was wearing a pink and black shirt and black shorts on the day she was assaulted. G.H. removed her daughter's clothing, including her underwear, on the day of the assault. She later gave the clothing to a detective who put the items of clothing in a bag and took them. G.H. identified the underwear, marked as State's Exhibit 8, as the same underwear J.H. had been wearing that day. She specifically testified that she had not washed the underwear. The State offered the underwear into evidence and Appellant objected that there had not been a "proper authentication." The prosecutor responded that G.H. had identified the evidence as the same underwear J.H. had been wearing that day. The trial court stated, "For that purpose, they're admitted."

Detective Oscar Morales testified that he was assigned the case on June 15, 2011. That same day, he went to the apartment where the victim lived and collected her clothing, including the underwear. Detective Morales identified State's Exhibit 8 as the same underwear he collected on June 15, 2011 because he had written his initials, ID number, and the case number on the evidence bag. He placed the evidence bag into "evidence" so that it could held pending biological processing with DPS.

Christine Ceniceros, the DNA analyst, identified State's Exhibit 8 as the same underwear

she had tested because she had placed her case number, initials, and date on the band of the underwear. Ceniceros testified that the underwear did not appear to have been altered or changed since she had conducted the testing. The State then offered State's Exhibit 8 into evidence and Appellant's counsel replied, "No objection."

*Preservation of Error*

The first issue we must determine is whether Appellant preserved the claimed error. To raise a complaint on appeal, a party is required to preserve error by making a timely and specific objection. TEX.R.APP.P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex.Crim.App. 2009). A complaint raised on appeal is not preserved if the legal basis of the argument varies from the objection made at trial. *Lovill*, 319 S.W.3d at 691-92. In other words, the complaint raised on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012).

When the State offered the underwear into evidence during G.H.'s testimony, Appellant objected that there had not been a "proper authentication." On appeal, he argues that the State failed to establish a proper chain of custody. Having read the testimony of G.H. and the trial court's ruling, we conclude that Appellant's objection that the State had not properly authenticated State's Exhibit 8 was sufficient to apprise the trial court and the State that he was objecting to the chain of custody. Establishing chain of custody is part of identification and authentication of certain types of physical evidence, or in other words, showing that the matter in question is what it proponent claims. *See Druery v. State*, 225 S.W.3d 491, 503 (Tex.Crim.App. 2007)(observing that "although the evidentiary rules do not specifically address proper chain of

custody, they do state that identification for admissibility purposes is satisfied if the evidence is sufficient to support a finding that the matter in question is what its proponent claims.").

Our inquiry into preservation is not complete because the State proceeded to re-offer State's Exhibit 8 after it had shown the chain of custody through subsequent witnesses. At that point, Appellant stated he had "no objection" to the admission of the evidence. By doing so, Appellant abandoned, and therefore, waived his earlier complaint regarding the admission of State's Exhibit 8. *See Thomas v. State*, 408 S.W.3d 877, 885-86 (Tex.Crim.App. 2013).

*Chain of Custody*

Even if Appellant preserved the issue raised on appeal, we conclude that the State sufficiently established chain of custody. We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex.Crim.App. 2010). The trial court does not abuse its discretion unless its decision to admit or exclude the evidence lies outside the zone of reasonable disagreement. *See Martinez*, 327 S.W.3d at 736.

Rule 901 provides that the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims. TEX.R.EVID. 901(a). Authentication can be accomplished by testimony from a witness with knowledge that an item is what it is claimed to be. TEX.R.EVID. 901(b)(1). The authentication requirement for admissibility is met once the State has shown the beginning and the end of the chain of custody, particularly when the chain ends at a laboratory. *Martinez v. State*, 186 S.W.3d 59, 62 (Tex.App.--Houston [1st Dist.] 2005,

pet. ref'd). Absent proof of tampering, most problems with the chain of custody do not affect the admissibility of evidence, but rather go to the weight of the evidence. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex.Crim.App. 1997); *Medellin v. State*, 617 S.W.2d 229, 232 (Tex.Crim.App. 1981). Tagging an item of physical evidence at the time of its seizure and then identifying it at trial based upon the tag is sufficient for admission barring any showing by the defendant of tampering or alteration. *See Garcia v. State*, 537 S.W.2d 930, 934 (Tex.Crim.App. 1976).

The evidence at trial showed the beginning and end of the chain of custody. While Appellant objected to the evidence when it was offered through G.H., who was the beginning of the chain of custody, the State subsequently authenticated State's Exhibit 8 and established the continuation and end of the chain of the custody. Detective Morales identified the evidence bag containing State's Exhibit 8 by the markings he placed on the bag. Likewise, DNA analyst Ceniceros identified State's Exhibit 8 by the markings she placed on the band of the underwear. The State re-offered the evidence through Ceniceros and Appellant did not renew his chain of custody objection. The trial court did not abuse its discretion by determining that the State had sufficiently authenticated State's Exhibit 8. Issue Two is overruled. Having overruled both issues presented on appeal, we affirm the judgment of the trial court.

April 22, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J., (Senior Judge)
(Barajas, C.J., Senior Judge, sitting by assignment)

(Do Not Publish)