**AFFIRMED as MODIFIED and Opinion Filed November 1, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-00812-CR**

_____

**ANDREW YOUNGBLOOD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1942335**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Garcia

A jury convicted appellant of continuous sexual abuse of a child under fourteen and assessed punishment at fifty years in prison. In a single issue, appellant argues the trial court erroneously admitted extraneous evidence of appellant's harsh discipline of complainant's siblings. In a cross-point, the State requests that we reform the judgment to include an affirmative finding that the victim was younger than fourteen at the time of the offense.

We modify the judgment and as modified, affirm.

# I. BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of his daughter, AY. The indictment alleged that appellant "on or about the 1st day of December, 2019 … did then and there intentionally and knowingly, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, commit two or more-acts of sexual abuse against A.Y., a child younger than 14 years of age . . . by: the penetration of the complainant's female sexual organ by the Defendant's finger AND by the contact and penetration of the complainant's anus by the Defendant's sexual organ AND by contact between the mouth of the complainant and the sexual organ of the Defendant."

Prior to trial, the court held a hearing on the admissibility of extraneous evidence of appellant's harsh discipline of AY and her siblings. Defense counsel objected that the proffered evidence was unduly prejudicial under TEX. R. EVID. 403. The trial court concluded that the evidence was more probative than prejudicial, overruled the objection, and admitted the proffered testimony at trial.

At trial, AY testified that the abuse began when she was three or four years old and continued until she was nine. She provided details concerning the allegations in the indictment and recounted specific instances of abuse in the locations she and her family resided during the relevant time period. AY said that appellant would spank the children in the family, herself included, on their bottom or feet if they did not do their chores. She also said that appellant shot her in the eye, "butt," and

stomach with a BB gun. She explained that she delayed her outcry because she was afraid appellant would hurt her or her family.

AY's brother testified that appellant hit him with his fists, a paddle, and BB's. Although he could hear AY screaming and crying in appellant's bedroom, he did not check on her because he was afraid appellant would hurt him. He described how appellant had mowed an area on the lawn where would make the children run in circles and shoot them with a BB gun when they got in trouble.

One of AY's aunts testified that she had observed appellant spank the children with a belt, paddle, shoe, or whatever was at hand. Frequently, the punishment did not fit the crime. She described appellant's household as "strict, harsh, suffocating," and she could see that appellant terrified his children.

Another aunt testified that she observed appellant spanking his children and leaving welts on them. This is why she was concerned that the children would not be safe returning home after AY outcried to her.

There was also testimony about AY's outcry to her aunt and her subsequent interview at the Children's Advocacy Center. AY's forensic exam showed irregular anal folds that appeared to be healed anal fissures that were consistent with AY's statements concerning abuse.

The jury also heard testimony about the family's living arrangements. At one point, appellant had a relationship with a fourteen-year-old girl and during that time, he and his children lived with the girl and her parents.

The jury convicted appellant of the charged offense and assessed punishment at fifty years in prison. This timely appeal followed.

## II. ANALYSIS

### A. Admission of Extraneous Evidence

Appellant's sole issue argues the trial court erred in admitting extraneous evidence concerning appellant's discipline of AY's siblings because the evidence was overly prejudicial. The State responds that the evidence was necessary to provide context as to why AY delayed her outcry.

We review trial court decisions admitting or excluding evidence for an abuse of discretion, and under this standard the trial court's decision admitting or excluding evidence will be upheld so long as it is within the "zone of reasonable disagreement." *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). A reviewing court must afford the decision "an especially high level of deference." *Robisheaux v. State*, 483 S.W.3d 205, 218 (Tex. App.—Austin 2016, pet. ref'd).

Rule 401 provides that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence. TEX. R. EVID. 401. "Generally, all relevant evidence is admissible." *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009); TEX. R. EVID. 402. When determining whether evidence is relevant, it is important for courts to examine the purpose for which the evidence is being introduced. *Layton*, 280 S.W.3d at 240. "It is critical that there is

a direct or logical connection between the actual evidence and the proposition sought to be proved." *Id.*

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403; *Gonzalez v. State*, 544 S.W.3d 363, 372 (Tex. Crim. App. 2018). "The probative force of evidence refers to how strongly it serves to make the existence of a fact of consequence more or less probable." *Id.*

Relevant evidence is presumed to be more probative than prejudicial. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). All evidence against a defendant is, by its nature, designed to be prejudicial. *See Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). Rule 403 does not exclude all prejudicial evidence; instead, it focuses on the danger of "unfair" prejudice. *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). Evidence is unfairly prejudicial if it has the capacity to lure the factfinder into declaring guilt on a ground other than proof specific to the offense charged. *Manning v. State*, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003). The trial judge has substantial discretion in balancing probative value and unfair prejudice. *See Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006).

A rule 403 balancing test includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012). A rule 403 analysis may also consider whether there is any tendency of the evidence to confuse or distract the jury from the main issues as well as any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence. *See Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). As the court acknowledged, however, "these factors may well blend together in practice." *Id*. at 641-42.

In the present case, there was a delayed outcry. AY testified that she did not report the abuse earlier because she feared appellant would harm her or her family. Evidence of an extraneous bad act is "admissible to explain why a victim of sexual assault did not make a prompt outcry." *Wilson v. State*, 90 S.W.3d 391, 394 (Tex. App.—Dallas 2002, no pet.) (citing *Brown v. State*, 657 S.W.2d 117, 119 (Tex. Crim. App. 1983). Therefore, the evidence was probative and the State's need for the evidence significant.

Appellant argues that the extraneous-offense evidence was prejudicial because it was graphic and cumulative. This evidence however, juxtaposed against the charged offense—continuous sexual abuse of a child under fourteen—was not particularly egregious, certainly not enough to constitute unfair prejudice. *See*

*Norwood v. State*, No. 03-13-00230-CR, 2014 WL 4058820, at \*5 (Tex. App.—Austin Aug. 15, 2014, pet. ref'd) (mem. op., not designated for publication) ("When the extraneous offense is no more heinous than the charged offense, evidence concerning the extraneous offense is unlikely to cause unfair prejudice."); *Robisheaux*, 483 S.W.3d at 220 (finding that any tendency of evidence of extraneous acts to suggest a decision on an improper basis was ameliorated by the fact that those acts "were no more serious than the allegations forming the basis for the indictment"). The jury heard graphic testimony about appellant's abuse of AY and the physical injuries that may have resulted from that abuse. The extraneous evidence concerning harsh punishment methods was no more heinous than appellant's continuous sexual assault of his young daughter.

Moreover, the extraneous evidence did not consume an inordinate amount of time at trial. Although three witnesses other than AY testified about appellant's disciplinary methods, the testimony of AY, her brother, and one of her aunts was contextual— explaining why AY did not outcry earlier, why her brother did not come to her aid, and why her aunt was concerned about the children returning home.

While evidence that appellant committed extraneous acts of violence against his other children was "undoubtedly prejudicial" to appellant, it was "not unfairly prejudicial" compared to its probative value. *See Mechler*, 153 S.W.3d at 440. Weighing the appropriate factors, we cannot conclude that the trial court's rule 403

balancing falls outside "the zone of reasonable disagreement." *See Beham*, 559 S.W.3d at 478. Appellant's sole issue is resolved against him.

**B.    Modifying the Judgment**

The State's cross-point requests that we modify the judgment to include the statutorily required special finding that the victim was under fourteen years of age at the time of the offense. We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

Aggravated sexual assault is considered a "sexually violent offense" when, as here, it is committed by a person seventeen years of age or older. TEX. CODE CRIM. PROC. ANN. art. 62.001(6)(a). Consequently, the trial court was required to "make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines that the victim or intended victim was younger than 14 years of age at the time of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.015(b); *Vasquez v. State*, No. 05-20-00116-CR, 2022 WL 2951667, at *8 (Tex. App.—Dallas July 26, 2022, no pet.) (mem. op., not designated for publication). The finding is particularly important because it triggers the prohibited employment provisions of the sex offender registration program. *See* TEX. CODE CRIM. PROC. ANN. art. 62.063(b).

The record reflects that the victim was under the age of fourteen at the time of the offense. The judgment, however, does not include that affirmative finding.

We therefore sustain the State's cross-point and modify the judgment to include the following special finding: "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense."

As modified, the trial court's judgment is affirmed.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
220812F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANDREW YOUNGBLOOD,
Appellant

No. 05-22-00812-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1942335.
Opinion delivered by Justice Garcia.
Justices Goldstein and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to include the following special finding: "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense."
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered November 1, 2023