**Affirmed; Opinion Filed August 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00883-CR

### ROBERT GARRETT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1052395-R**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Lang

A jury convicted Robert Garrett of indecency with a child and assessed punishment at nine years' confinement and a $4000 fine. Garrett raises six issues on appeal. His first five issues arise from what he claims is the erroneous admission, at the punishment stage of trial, of State's Exhibit 2, records concerning Garrett's 1998 arrest in DeKalb County, Georgia for "simple battery" and "interference with government property." In a sixth issue, Garrett complains of the admission, at the guilt-innocence stage of trial, of extraneous offense testimony that Garrett hit the complainant's mother and brother. We affirm the trial court's judgment.

# I. BACKGROUND

The complainant is the daughter of Garrett's ex-girlfriend. At the time Garrett and the complainant's mother began dating in 2006, the complainant was "like five [or] six" years old. About a year later, while the complainant and her family were living with Garrett, he molested the complainant. The complainant did not tell anyone, and Garrett molested her again. Garrett molested the complainant at least twice more before the complainant finally told her mother in early 2010.

At trial, the complainant testified she did not immediately disclose the abuse to her mother because she was scared of Garrett. Over objection by defense counsel, the complainant said Garrett had hit her mother in the face, breaking her glasses, and had hit her brother.

At punishment, complainant's mother corroborated complainant's testimony that Garrett was violent and testified that he hit her several times during their relationship. Garrett did not testify in his defense, but called his daughter from his first marriage, Prentice. Prentice testified the complainant's mother's testimony was "shocking" and inconsistent with the father she knew. Prentice testified Garrett worked hard and travelled often because of his work. He and her mother were married twelve years, and she did not recall any violence between them.

On cross-examination, the prosecutor asked Prentice if she remembered Garrett being convicted of "simple battery" for physically assaulting her mother. Prentice testified she did not know of the conviction. Then, the prosecutor submitted to Prentice State's Exhibit 2. The prosecutor asked Prentice if her parents lived together in 1998 in DeKalb County, Georgia and if the documents in the exhibit had Garrett's and her mother's name on them and Garrett's date of birth. Based on her affirmative answers, the prosecutor asked Prentice if State's Exhibit 2 "appeared to be a conviction for your dad against your mom." Prentice replied, "I'm guessing so," at which point the prosecutor offered the exhibit into evidence. Defense counsel objected

that the exhibit had not been "authenticated." The trial court overruled that objection, and the exhibit was admitted into evidence.

The prosecutor published the exhibit to the jury, representing to the jury that it was the record of a conviction for "simple battery" and probation. However, State's Exhibit 2 actually reflects that Garrett pled guilty to the "interference with government property" charge and the charge for "simple battery" was dismissed. Then, Garrett was placed on deferred adjudication probation. The true content of State's Exhibit 2 was not brought to the attention of the trial court or the jury. In closing argument, the prosecutor characterized Garrett as both a "child molester" and "wife beater," alluding to the "simple battery conviction" and testimony of Garrett's violent behavior towards the complainant's mother.

## II. EXTRANEOUS OFFENSE TESTIMONY

We address first Garrett's sixth issue which complains of the admission, at the guilt-innocence stage, of the complainant's testimony that Garrett was violent. The record reflects that, in response to defense counsel's objection to the complainant explaining why she was scared of Garrett, the prosecutor stated the testimony was admissible under article 38.37 of the Texas Code of Criminal Procedure because it "went to her state of mind and the relationship that she had with [Garrett]." *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2014). Garrett asserts article 38.37 applies only to extraneous acts committed by the defendant against the complainant and, because the extraneous acts of assault to which the complainant testified were against her family members, the testimony was not admissible under article 38.37. Garrett further asserts the testimony was inadmissible under Texas Rule of Evidence 404(b) which generally prohibits the admission of extraneous offense evidence. *See* TEX. R. EVID. 404(b).

### A. Applicable Law and Standard of Review

Because a defendant is entitled to be tried for the charged offense only and not his criminal propensities, evidence of extraneous acts or crimes committed by the defendant is

–3–

generally inadmissible at the guilt-innocence stage of trial. *See Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003); *see also* TEX. R. EVID. 404(b)(1); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). However, such evidence may be admissible for purposes other than character conformity. *Moses*, 105 S.W.3d at 626; *see also* TEX. R. EVID. 404(b)(2). For example, under article 38.37 of the Texas Code of Criminal Procedure, evidence of other crimes or acts committed by the defendant against the child who is the victim of the alleged offense is admissible to show, among other matters, the defendant's and child's state of mind and any prior or subsequent relationship between them. TEX. CODE CRIM. PROC. ANN. art. 38.37. Further, under Texas Rule of Evidence 404(b)(2), evidence of extraneous offenses or acts may be admissible to prove motive, identity, and the reason a sexual assault victim failed to report the assault promptly. *See* TEX. R. EVID. 404(b); *Brown v. State*, 657 S.W.2d 117, 119 (Tex. Crim. App. 1983); *Wilson v. State*, 90 S.W.3d 391, 394 (Tex. App.—Dallas 2002, no pet.).

An appellate court reviews a trial court's decision to admit evidence for abuse of discretion and will uphold the decision so long as it falls within the zone of reasonable disagreement and is correct under any theory of law that finds support in the record. *Devoe*, 354 at 469. A decision that is erroneous will result in reversal of the trial court's judgment only if, upon a review of the entire record, the defendant was harmed, that is, only if the appellate court has "grave doubt" that the outcome "was free from the substantial effect of the error." *See Barshaw v. State*, 342 S.W.3d 91, 93-94 (Tex. Crim. App. 2011); *Alexander v. State*, 740 S.W.2d 749, 765 (Tex. Crim. App. 1987).

## B. Application of Law to Facts

Applying the appropriate standard, we conclude no abuse of discretion occurred in allowing the complainant to testify Garrett had been violent towards her mother and brother. Although Garrett is correct that article 38.37, upon which the State relied at trial, does not allow the testimony, the testimony was admissible under rule of evidence 404(b). *See* TEX. R. EVID.

404(b); *Devoe*, 354 S.W.2d at 469. The testimony was offered not to show character conformity, but to show why the complainant delayed in telling her mother that Garrett had molested her. *See Brown*, 657 S.W.2d at 119; *Wilson*, 90 S.W.3d at 394. The trial court's ruling will be upheld since it is correct under the law despite being different than the specific objection of the State. *See Devoe*, 354 S.W.3d at 469. We decide Garrett's sixth issue against him.

### III. STATE'S EXHIBIT 2

Now, we address issues one through five, which raise as error the admission of State's Exhibit 2 in the punishment phase. In his first issue, Garrett argues the prosecutor's misrepresentation of the content of the exhibit violated his right to due process.[1] His second and third issues assert his trial counsel's representation was inadequate as counsel failed to object to the prosecutor's misrepresentation of the content of the exhibit, examine the exhibit when offered as evidence, and investigate Garrett's criminal history. In his fourth and fifth issues, Garrett argues the exhibit should have been excluded because it was not "authenticated" or "linked" to him. The focus of Garrett's argument in these issues is on harm; that is, the jury would have assessed a different punishment had the prosecutor not misrepresented the record, trial counsel rendered effective assistance by properly objecting, and the exhibit been excluded.

*A. Applicable Law*

1. Due Process

In the context of a due process violation stemming from the prosecutor's use of false or misleading evidence at the punishment phase of trial, harm is established upon "pro[of] beyond a reasonable doubt that the error complained of . . . contribute[d] to the verdict obtained." *See Ex*

---

[1] Garrett also argues the prosecutor's conduct violated his right to due course of law under the Texas Constitution. However, he fails to argue the Texas due course of law provision provides greater protection than the federal due process clause, and the case upon which he relies, *Ex parte Ghahremani*, 332 S.W.3d 470 (Tex. Crim. App. 2011), involved a due process claim only. *See Ghahremani*, 332 S.W.3d at 477; *see also Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (defendant forfeited claim on appeal that state due course of law clause provided more protection than federal due process clause by failing to raise claim at trial); *Manns v. State*, 122 S.W.3d 171, 192 n.97 (Tex. Crim. App. 2003) (analyzing claim that appellant improperly impeached with illegally obtained recorded statement solely under Fourth Amendment jurisprudence; although appellant relied upon Texas Constitution at trial, on appeal he did not cite to that provision or explain how its protections differ from the Fourth Amendment).

*parte Ghahremani*, 332 S.W.3d 470, 477-78 (Tex. Crim. App. 2011). A due process claim, like many others however, is not preserved for review on appeal unless it was raised at trial. *See* TEX. R. APP. P. 33.1(a); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1985).

### 2. Authentication and Link of Records

In the context of the erroneous admission of evidence at punishment, harm is established if the record as a whole reflects a reasonable probability that the evidence might have affected the punishment assessed. *See Alexander*, 740 S.W.2d at 765.

### 3. Ineffective Assistance of Counsel

To obtain a reversal based on harm from counsel's deficient performance at punishment, an appellant must show that "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the punishment hearing would have been different." *See Andrews v. State*, 159 S.W.3d 98, 101, 103 (Tex. Crim. App. 2005).

### *B. Application of Law to Facts*

As to Garrett's due process claim raised in his first issue, we conclude it was not preserved for our review as his sole objection to State's Exhibit 2 at trial was that the documents were not "authenticated." *See Broxton*, 909 S.W.2d at 918. Accordingly, we decide his first issue against him.

Issues four and five address the alleged erroneous admission of State's Exhibit 2 because it was not properly authenticated. As stated above, State Exhibit 2 reflected Garrett was charged with "simple battery" and "interference with government property," but the "simple battery" charge was dismissed when Garrett pleaded guilty to the "interference with government property" charge. However, the record is clear that the jury was misled as to the content of the exhibit and what it stated as to Garrett's criminal history. Garrett's daughter was led to testify that the exhibit "appeared to reflect" Garrett was convicted of assaulting her mother. Then, when admitted as evidence, the prosecutor published the exhibit to the jury saying:

–6–

This is a conviction, case 98-CR-5451-5 out of DeKalb County, Georgia Superior Court for simple battery. It states: On the 26th day of May 1998, the defendant, Robert Garrett, did intentionally make physical contact with an assaultive provoking nature of the person Sharyl Williams. There's also a probation revocation order filed on May 14, 2002 in the same cause number.

Finally, in urging in closing argument a lengthy sentence, the prosecutor characterized Garrett as both a "child molester" and "wife beater," referring to the exhibit and the testimony of the complainant and her mother that Garrett had been violent towards the mother.

In its brief on appeal, the State refers to the prosecution's statements that Garrett was convicted of "simple battery" as a "mischaracterization." No explanation for the prosecutor's action is attempted. Misleading the jury as to the evidence is indefensible. *See Ex parte Davis*, 957 S.W.2d 9, 13 (Tex. Crim. App. 1997) (characterizing as "reprehensible" prosecutor's actions in misleading the jury as to why certain evidence was not tested and the quality of the investigation conducted by the police). While we cannot condone what the State refers to as "mischaracterization" and find such action reprehensible, in determining harm, we must review the *entire* record and not only the action of the State as to the exhibit.

Garrett was charged with engaging in sexual contact with the complainant, a second degree felony punishable by imprisonment for any term of not more than twenty years or less than two years and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.33, 21.11(a)(1), (d) (West 2011). In closing argument, defense counsel asked the jury to "show some mercy" to Garrett, consider his steady employment and "his whole life," and assess the minimum sentence. The prosecutor, characterizing "child molestation" as the "worst" of the second-degree felonies, asked the jury to start at the top of the punishment range and "then start factoring in things . . . we [can] give [Garrett] credit for . . . [and things] we [can] hold as aggravating factors against him." The jury followed neither defense counsel's plea for the minimum two-year sentence nor the prosecutor's implied plea for the maximum twenty-year sentence. Instead, it assessed a nine year sentence and $4000 fine.

While the jury heard from the prosecutor that Garrett was a "wife beater" and had been convicted of assaulting his first wife, the jury also heard (1) the complainant's testimony that Garrett molested her at least four times, she was fearful of Garrett, and she knew Garrett had hit her mother and brother; (2) the complainant's mother's testimony that Garrett physically assaulted her several times during their four-year relationship; and (3) Garrett's daughter's testimony that the father she knew was not violent. Further, State's Exhibit 2 was admitted into evidence and available for the jury to review.

Given the nature of the testimony before the jury, including the evidence supporting the verdict, and the punishment assessed, we cannot conclude the jury would have assessed a different sentence had State's Exhibit 2 been excluded. *Cf.*, *e.g.*, *Chapman v. State*, 150 S.W.3d 809, 818-19 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (in aggravated sexual assault case, admission of outcry testimony of extraneous offense was harmful where punishment ranged from five years to ninety-nine years or life and jury assessed eighty-eight year sentence); *Aleman v. State*, 49 S.W.3d 92, 96 (Tex. App.—Beaumont 2001, no pet.) (in display of harmful material to minor case, admission of three driving while intoxicated judgments was harmful where prosecutor relied on them to urge maximum sentence and jury assessed maximum punishment of one year confinement in jail and $4000 fine). We decide Garrett's fourth and fifth issues against him.

As to issue's two and three, respecting Garrett's ineffective assistance of counsel claim, because the issues arise from the admission into evidence of State's Exhibit 2 and we have concluded Garrett was not harmed by the admission of the exhibit, we necessarily conclude defense counsel's performance as to the exhibit did not prejudice Garrett. *See Lair v. State*, 265 S.W.3d 580, 595 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (in determining whether counsel's deficient performance prejudiced appellant at punishment, inquiry is "whether there is a reasonable probability that the jury's assessment of punishment . . . would have been less

–8–

severe in the absence of defense counsel's deficient performance."). Accordingly, his second and third issues are also decided against him.

## IV. CONCLUSION

Having decided Garrett's six issues against him, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130883F.U05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT GARRETT, Appellant

No. 05-13-00883-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1052395-R.
Opinion delivered by Justice Lang. Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 12th day of August, 2015.